**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**JAN 9 1998**

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

JACQUELYN M. KOMAR,

Plaintiff-Appellant,

v.

No. 97-5125
(D.C. No. 95-CV-320-W)
(N.D. Okla.)

KENNETH S. APFEL, Commissioner,
Social Security Administration,*

Defendant-Appellee.

ORDER AND JUDGMENT**

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*       Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jacquelyn M. Komar appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Komar alleged disability due to back, neck, left hand pain and numbness, depression, and fibromyalgia. The administrative law judge (ALJ) determined that Ms. Komar was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), finding that she could perform less than the full range of light work.

On appeal, Ms. Komar argues that the ALJ failed to properly evaluate her pain and mental impairments and did not consider the vocational impact of those impairments on her ability to work. Ms. Komar also asserts the ALJ erroneously relied on the findings of a physical therapist who is not a recognized acceptable medical source under the regulations and the ALJ improperly evaluated her credibility and did not comply with the requirements for evaluating pain as set forth in Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995).

The record supports the ALJ's determination that Ms. Komar's mental impairment is not disabling. Her depression has been treated with only mild anti-depressant medications. She has had one hospital admission, but that was a situational episode which occurred after a fight with her boyfriend, combined with alcohol and drug use. No physician has opined that her mental problems present an impairment under Social Security standards.

Ms. Komar does have a bulging disc at L4-5, but all test results are essentially normal. She has no physical restrictions in movement. Her physicians have not found her disabled, but have recommended that she pursue a vocation involving sedentary activities. While some physicians have diagnosed fibromyalgia, others have questioned whether her physical symptoms are consistent with that diagnosis.

-3-

The ALJ determined that Ms. Komar's pain was not as severe as she alleged. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence," Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990).

The ALJ adequately evaluated Ms. Komar's allegations of pain. Ms. Komar established that she suffers from a pain-producing impairment. Therefore, the ALJ was required to consider her complaints of pain by evaluating her use of pain medication, her attempts (medical or nonmedical) to obtain relief, the frequency of her medical contacts, and the nature of her daily activities, as well as subjective measures of credibility including the consistency or compatibility of nonmedical testimony with the objective medical evidence. See Kepler, 68 F.3d at 391.

Objective evidence shows that Ms. Komar has a normal range of motion, although at least one time she resisted the range of motion tests in what the physician considered to be an apparent attempt to show herself as having less physical capacity than she actually had. She takes no medication aside from using Valium at night. She also showed improvement in her physical abilities when she attended occupational rehabilitation. She was discharged from that program when she stopped attending.

-4-

While a physical therapist does not qualify as an "acceptable medical source" under the regulations, 20 C.F.R. §§ 404.1513(a), 416.913(a), physical therapists do qualify as "other sources," id. §§ 404.1513(e), 416.913(e). As such a physical therapist's opinion can be considered, but the opinion is entitled to less weight than that accorded to the opinions of acceptable medical sources. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Thus, the ALJ did not err in considering the physical therapist's opinion in conjunction with the opinions of acceptable medical sources. The record contains no indication that the ALJ relied solely on the physical therapist's opinion.

Finding no reversible error in the ALJ's determination, we AFFIRM the judgment of the United States District Court for the Northern District of Oklahoma.

Entered for the Court

Wade Brorby
Circuit Judge

-5-