**Obert CARTER, Plaintiff**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant**

**No. 1:CV–99–975.**

United States District Court,
M.D. Pennsylvania.

Sept. 29, 2000.

---

Steven Michael Rollins, Middletown, PA, for plaintiff.

J. Justin Blewitt, Jr., Assist. U.S. Atty., Scranton, PA, for defendant.

## MEMORANDUM AND ORDER

KANE, District Judge.

On May 31, 2000, United States Magistrate Judge Raymond J. Durkin issued a report and recommendation in this action in which Plaintiff Obert Carter seeks review of the decision of the Commissioner of Social Security denying his claim for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* The report and recommendation recommended that Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied. Plaintiff filed objections to the report and recommendation and a supporting brief on June 7, 2000, and Defendant filed a response to Plaintiff's objections on June 23, 2000. For the reasons that follow, Plaintiff's objections to the report and recommendation

will be sustained; the Defendant's motion for summary judgment will be denied, Plaintiff's motion for summary judgment will be granted in part, and this case will be remanded to the Commissioner of the Social Security Administration for further proceedings consistent with this opinion.

### Background

Plaintiff was born on August 21, 1943, and at the time of his disability hearing was fifty-four (54) years of age. The Plaintiff has a limited education through the tenth grade. His past relevant work history includes work as a union longshoreman.

The Plaintiff filed his application for a period of disability on October 31, 1995, in which he alleged disability since September 22, 1994, due to a herniated disc and degenerative disease in his low back and neck. The Plaintiff's application was denied initially and also upon reconsideration. On April 24, 1997, a hearing was held before an Administrative Law Judge ("ALJ"). In addition to the Plaintiff's testimony, the ALJ heard the testimony of Edwin Yates, a vocational expert. On January 15, 1998, Plaintiff was denied benefits pursuant to the ALJ's decision.

A five-step process is utilized to determine if an applicant is disabled for purposes of social security disability insurance. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from doing past relevant work; and (5) whether the applicant's impairment prevents the applicant from doing any other work. *See* 20 C.F.R. § 404.920. This action was decided at the fifth step of the process when the

ALJ determined that, although the Plaintiff could not return to his past relevant work activity, he was not precluded from performing light work activity with certain restrictions. R. 26–27.

Subsequently, the Plaintiff requested review of the ALJ's decision by the Social Security Administration's Appeals Council. On May 19, 1999, this request was denied, thereby making the ALJ's decision of January 15, 1998 the final decision of the Commissioner.

The Plaintiff appealed the decision by filing this action on June 14, 1999, in which he alleged that: (1) the Commissioner failed to explain how he evaluated relevant evidence of Plaintiff's treatment; (2) the Commissioner's residual functional capacity determination was based on legal error and was not supported by substantial evidence in the record; and (3) the Commissioner did not properly evaluate Plaintiff's subjective complaints.

In his report, Magistrate Judge Durkin concluded that the ALJ gave proper consideration to the treatment notes of Plaintiff's chiropractor, Dr. Walker, because while an adjudicator can consider the opinion of a chiropractor in order to help understand how the plaintiff's impairment affects his ability to work, a chiropractor is not considered an acceptable medical source for providing an opinion on what a plaintiff can still do, citing 20 C.F.R. §§ 404.1513(a), (c), and (e)(3). After concluding that there was nothing in Dr. Walker's notes that would give any indication as to how the Plaintiff's condition affects his ability to work, the magistrate judge concluded that the ALJ need not have given any significant weight to Dr. Walker's treatment notes.

As to Plaintiff's second argument, the magistrate judge determined that the ALJ's finding that Plaintiff retained the residual functional capacity to perform light work activity with certain restrictions was supported by the residual functional capacity assessment of Dr. Senft, and by Plaintiff's own testimony.

Finally, the magistrate judge determined that the ALJ did not err in determining that Plaintiff's subjective complaints were not fully credible, as subjective complaints must be supported by medical signs and findings which show that there is a medical condition that could reasonably be expected to produce symptoms of the severity alleged by the Plaintiff. The magistrate judge determined that considering all of the objective medical evidence, functional capacity assessments, and the Plaintiff's own testimony, the ALJ was justified in finding the Plaintiff's subjective complaints to be less than fully credible.

On June 7, 2000, the Plaintiff filed objections to the report and recommendation, and a supporting brief. On June 23, 2000, the Defendant filed a brief in response to Plaintiff's objections.

### Discussion

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1)(C), the Court must make a *de novo* consideration of those portions of the report to which objections have been made. *See Sample v. Diecks,* 885 F.2d 1099, 1106 n. 3 (3d Cir.1989). In so doing, the Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. *See* 28 U.S.C. § 636(b)(1); Local Rule 72.31. Further, the Court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. *See United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Goney v. Clark,* 749 F.2d 5, 7 (3d Cir.1984).

The question before this Court is whether the ALJ's factual findings are sup-

ported by "substantial evidence." *See Mason v. Shalala,* 994 F.2d 1058 (3d Cir. 1993). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). "A single piece of evidence will not satisfy the substantiality test if the [ALJ] ignores, or fails to resolve, a conflict created by countervailing evidence." *Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir.1983). " 'Substantial evidence' can only be considered as supporting evidence in relationship to all the other evidence in the record." *Cotter v. Harris,* 642 F.2d 700, 706 (3d Cir.1981) (footnote omitted). If a decision by the ALJ is not supported by substantial evidence, the Court has the power to remand the case to the Commissioner for further proceedings. *See* 42 U.S.C. § 405(g)("[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

The issues raised by the Plaintiff will be addressed *seriatim.*

### A. Treatment by Dr. Walker

In his objections to the magistrate judge's report and recommendation, Plaintiff first argues that the ALJ failed to address relevant evidence of Plaintiff's treatment. Specifically, Plaintiff argues that the ALJ failed to address Plaintiff's treatment by Dr. Walker, a chiropractor. The record shows that Plaintiff sought evaluation and treatment from various specialists for his medical conditions of his lumbar and cervical spine. The diagnoses for his cervical spine were degenerative disc disease, osteophytes, and facet disease causing moderate to severe stenosis at the

C6–7 level with left-sided encroachment as well as moderate stenosis at the C5–6 level. His lumbar spine abnormalities were identified as a "CT proven disk at L5/S1" causing radiculitis with disc space loss, osteophyte formation, and facet disease.

Plaintiff received a significant amount of his treatment for his cervical and lumbosacral conditions from J. Dean Walker, D.C. Since 1990, Dr. Walker provided between eighty and 100 chiropractic treatments for Plaintiff's conditions. His records document finding stiffness, tenderness, and limited range of motion, and that Plaintiff benefitted from his treatments.

The magistrate judge's report does not address Plaintiff's argument that the ALJ failed to address evidence of Plaintiff's treatment by Dr. Walker. Instead, the report characterizes Plaintiff's argument as being a failure by the ALJ to give "proper" consideration to evidence from Dr. Walker. That characterization is not accurate. Plaintiff's objection is to the ALJ's complete failure to address evidence documenting the fact of Dr. Walker's treatment.

Before a court can determine whether evidence was evaluated properly and if substantial evidence exists to support the ALJ's factual findings, the Court must first consider whether the ALJ has adequately acknowledged and explained his rejection of all relevant medical evidence in the record. The Third Circuit requires that the ALJ provide "not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir.1981), rehearing denied, 650 F.2d 481 (3d Cir.1981). Recently, the Third Circuit reiterated this obli-

gation, stating that "the ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Schaudeck v. Commissioner of SSA,* 181 F.3d 429, 433 (3d Cir.1999) (citations omitted).

■ Plaintiff argues that the ALJ failed to address evidence of Plaintiff's treatment by Dr. Walker, in contravention of the requirements of *Cotter.* In response to this issue raised by Plaintiff, Defendant argues first that the ALJ's statement that he considered "the entire record" is sufficient to show that he considered all the evidence, including evidence of Dr. Walker's treatment. However, the Court is not convinced that such a boilerplate statement is sufficient to demonstrate that all significant evidence was considered by the ALJ. *See Chaplin v. Apfel,* 1999 WL 966442 (N.D.Ill. Oct.19, 1999) (ALJ's general statement that he considered the entire record is not sufficient to assure a Court that all important evidence was considered).

Defendant further argues that since a chiropractor's opinion is not an acceptable medical source in the social security context, *see Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir.1999), information from a chiropractor cannot be considered relevant evidence of the sort required to be addressed by the ALJ. While Defendant correctly notes that a chiropractor's opinion is not an acceptable medical source in the social security context, information from a chiropractor may be considered relevant evidence. The Social Security Administration expressly defines a chiropractor as an "other source" from whom information may help the Commissioner understand how a claimant's impairment affects his ability to work. *See* 20 C.F.R. § 404.1513(e)(3). Contrary to Defendant's argument that the nature of Dr. Walker's evidence renders it not relevant or probative, "nothing in the *Cotter* deci-

sion suggests that only medical evidence is relevant and probative." *Williams v. Apfel,* 98 F.Supp.2d 625, 632 (E.D.Pa. 2000). Accordingly, evidence of Dr. Walker's treatment is an acceptable source of information and is therefore relevant and probative on the issue of the claimant's symptoms. *See id.; Ortiz–Torres v. Callahan,* 1997 WL 431016 (E.D.Pa.1997) (chiropractor evidence is material to assessment of claimant's symptoms).

■ By not mentioning Dr. Walker's treatment records, the ALJ has made it impossible for this court to determine whether he inadvertently failed to mention the records, or purposefully chose not to give them significant evidentiary weight. Accordingly, the Court cannot make a responsible determination whether the decision of the ALJ is or is not supported by substantial evidence. Although the magistrate judge performed an independent analysis of Dr. Walker's records and concluded that the ALJ need not have given them significant weight, this function is the responsibility of the ALJ. The Court's role is not to augment a decision on behalf of the Commissioner by supplying missing factual findings. *See Miller v. Chater,* 172 F.3d 303 (3d Cir.1999) (court remanded as opposed to speculating on how ALJ could weigh evidence); *Williams v. Apfel,* 98 F.Supp.2d 625 (E.D.Pa.2000) (it is not the role of the court in social security disability cases to review the Commissioner's evidence de novo or re-weigh the evidence presented to the ALJ). No reasons have been advanced for the failure of the ALJ to consider these records and the findings contained therein. Accordingly, the ALJ's failure to explain his assessment of evidence of Dr. Walker's treatment requires remand to the Commissioner.

## B. *Evidence Supporting Residual Functional Capacity Assessment*

Plaintiff's second argument in his objections to the magistrate judge's report and recommendation is that the ALJ's determination of Plaintiff's residual functional capacity was not supported by substantial evidence. Specifically, Plaintiff argues that there is no medical evidence in the record which supports the ALJ's finding that Plaintiff retains the residual functional capacity for light work activity, "in that he can lift up to 20 pounds occasionally and up to 10 pounds frequently, stand and/or walk 6 hours per 8–hour workday, and sit 6 hours per 8–hour workday with a sit/stand option and no lifting from below the waist." R. 23–24.

The magistrate judge's report and recommendation found that an opinion by Dr. Senft and testimony by the Plaintiff provide substantial evidence to support the ALJ's residual functional capacity finding. The residual functional capacity assessment of Dr. Senft indicated that the Plaintiff was capable of sitting for 3–4 hours in an 8–hour workday, standing/walking for 3–4 hours in an 8–hour workday, and lifting up to 20 pounds occasionally. Plaintiff stated that he could sit and stand for 1 to 2 hours at a time and could walk a couple of miles.

Light work is defined in the following terms:

Light work involves lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). The Social Security Administration has clarified this definition, stating that light work generally requires the ability to stand and walk for approximately 6 hours out of an 8–hour workday. *See Jesurum v. Secretary DHHS*, 48 F.3d 114, 119–21 (3d Cir.1995); 20 C.F.R. § 404.1567(b); Social Security Ruling 83–10. Further, in order for an ALJ to find that a claimant can perform the requirements of light work activity, a physician must indicate that the claimant can perform activity that is consistent with the requirements of light work. *See Doak v. Heckler,* 790 F.2d 26, 29 (3d Cir.1986).

██ The record here does not support the ALJ's finding that Plaintiff can perform light work activity as defined by the Social Security Administration. The residual functional capacity assessment of Dr. Senft shows that Plaintiff can perform only about one-half of the walking and standing that is required for light work activity. The record also contains an assessment by Dr. VanGiesen that the claimant could work a maximum of 4 hours per day with lifting limited to 10 pounds. The ALJ gave little weight to this opinion, finding that it was not well-supported by Dr. VanGiesen's own examination. Further, the record contains the opinion of a state agency medical consultant that the claimant had the capacity for medium work activity. After finding that this nonexamining source opinion was inconsistent with the other substantial evidence, some of which was unavailable for review by the state agency consultant, the ALJ also gave little weight to this assessment of claimant's capacity for work activity. Accordingly, the ALJ's finding was based in large part

on Dr. Senft's assessment, which states that Plaintiff can stand and walk for only about one-half of the time generally required for the performance of light work activity.

Defendant argues that the time indicated for a particular postural activity in the various work classifications is not absolute, but is an approximation, citing *Mason v. Shalala,* 994 F.2d 1058, 1066 n. 12 (3d Cir.1993). Therefore, Defendant argues that Dr. Senft's residual functional capacity assessment of plaintiff's ability to stand/walk 3–4 hours/day is reasonably consistent with the performance of light work with a sit/stand option.

Even accepting that the time indicated for a particular activity is only an approximation, the Court cannot find that substantial evidence supports the ALJ's determination that Plaintiff retains the residual functional capacity to perform light work activity with a sit/stand option, as Dr. Senft's assessment states that Plaintiff can stand and walk for only about one-half of the time generally required for the performance of light work activity. Accordingly, given that the medical assessments contained in the record were either discounted by the ALJ (*i.e.,* the opinion of Dr. Van Giesen and the opinion of the state agency medical consultant), or were insufficient to support his residual functional capacity finding (Dr. Senft's opinion), upon remand, the ALJ should refer Plaintiff for a consultative examination and have the examining physician render an opinion, pursuant to 20 C.F.R. § 404.1519n(c)(6), as to what Plaintiff can still do despite his impairments. *See Dunagan v. Apfel,* 1999 WL 1129612 at *8 (N.D.Ill.Dec. 6, 1999) (where medical opinions supporting finding of residual functional capacity were discredited,

on remand, it is appropriate for ALJ to refer Plaintiff for consultative examination and opinion regarding what Plaintiff can still do despite his impairments).

## C. *Evaluation of Subjective Complaints* [1]

Plaintiff's final argument in his objections to the magistrate judge's report and recommendation is that the ALJ failed to properly evaluate his subjective complaints. Specifically, Plaintiff argues that the ALJ: (1) made several misstatements and omissions in evaluating Plaintiff's complaints; (2) failed to explain the weight he accorded Dr. Walker's treatment; (3) failed to address observations by the Commissioner's own representatives documenting Plaintiff's discomfort at two interviews while applying for disability insurance benefits; and (4) failed to indicate the weight accorded to Plaintiff's work history.

The magistrate judge's report and recommendation determined that the ALJ did not err in determining that Plaintiff's subjective complaints were not fully credible, as subjective complaints must be supported by medical signs and findings which show that there is a medical condition that could reasonably be expected to produce symptoms of the severity alleged by Plaintiff. The magistrate judge determined that considering all of the objective medical evidence, functional capacity assessments, and the Plaintiff's own testimony, the ALJ was justified in finding Plaintiff's subjective complaints to be less than fully credible. However, the magistrate judge did not address Plaintiff's objection that the ALJ made several misstatements and omissions in evaluating Plaintiff's complaints.

---

1. Although the Court's resolution of the two issues discussed above warrants a reversal of the ALJ's decision and a remand for a new hearing, for the sake of completeness, the Court will also address the ALJ's evaluation of Plaintiff's subjective complaints, to which Plaintiff also objected.

With regard to Plaintiff's first argument that the ALJ made several misstatements and omissions in evaluating Plaintiff's complaints, Plaintiff argues that the ALJ failed to acknowledge the medical support for Mr. Carter's subjective complaints, thereby depriving his complaints "of the weight of substantiation by medical evidence." *Mason v. Shalala,* 994 F.2d 1058, 1068 (3d Cir.1993). Specifically, Plaintiff notes that objective testing revealed cervical spine disease and stenosis described as marked and severe, while two sources indicated that he has a herniated disc in his lumbar spine. Further, Plaintiff notes that Dr. VanGiesen corroborated the manifestations of his condition by documenting disuse atrophy (R. 307–08), which the ALJ ignored and even misrepresented by stating that the record shows no reports of muscle atrophy. *See* R. 23. Plaintiff notes that other evaluations document muscle weakness and reflex loss. (R. 155, 236–42). Further, Plaintiff argues that, as discussed above, the ALJ failed to explain the weight he accorded Dr. Walker's chiropractic treatment of Plaintiff's conditions. Plaintiff also argues that the ALJ failed to address observations by the Commissioner's own representatives documenting Plaintiff's discomfort at two interviews while applying for disability insurance benefits (R. 126, 133–34), contrary to Social Security Ruling 96–7p, which states that an ALJ "must" consider any observations about a claimant recorded by Social Security employees during interviews.

Finally, Plaintiff challenges the ALJ's failure to indicate the weight he accorded to Plaintiff's work history. Plaintiff argues that the record documents an extraordinary work ethic, including years when he worked more than 3,000 hours. *See* R. 276. Plaintiff argues that complaints of disability by a claimant with an impressive work history are entitled to substantial credibility, citing *Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir. 1979).

In response to Plaintiff's objections, Defendant points out that credibility determinations as to a claimant's testimony regarding his limitations are for the ALJ to make. *See Van Horn v. Schweiker,* 717 F.2d 871, 873 (3d Cir.1983). Defendant argues that the ALJ considered all of Plaintiff's testimony in light of all the other evidence before him, and that his decision is supported by substantial evidence.

As to Plaintiff's specific argument regarding the ALJ's failure to indicate the weight he afforded Plaintiff's significant work history, Defendant argues that the case cited by Plaintiff stands for the proposition that the testimony of a person with a long work history *whose subjective symptoms are supported by the objective medical evidence* should be accorded substantial credibility. Defendant points out that here the ALJ found that while Plaintiff suffers from severe lumbosacral disc disease and cervical disc disease, the clinical and objective findings are inconsistent with an individual experiencing totally debilitating functional limitations. *See* R. 23. Accordingly, Defendant argues that Plaintiff's subjective complaints are not fully supported by the objective medical evidence (according to the decision of the ALJ), and therefore, the ALJ was not required to give Plaintiff's testimony regarding his significant work history any particular weight.

While the Court recognizes that credibility determinations as to a claimant's testimony regarding his limitations are for the ALJ to make, the omissions and misstatements regarding objective evidence of Plaintiff's symptoms identified by Plaintiff raise the real possibility that Plaintiff's subjective complaints were deprived "of the weight of substantiation by medical evidence." *Mason v. Shalala,* 994 F.2d

1058, 1068 (3d Cir.1993). This is particularly troubling because the lack of objective support for Plaintiff's complaints identified by the ALJ enabled him to overlook testimony of Plaintiff's very significant work history. Accordingly, on remand, the ALJ should reevaluate evidence of Plaintiff's subjective complaints in light of the issues raised here.

*Order*

Therefore, for all of the reasons discussed above, IT IS ORDERED THAT:

(1) Plaintiff's objections to the Report and Recommendation are SUSTAINED;

(2) The Defendant's motion for summary judgment (Doc. No. 12) is DENIED;

(3) The Plaintiff's motion for summary judgment (Doc. No. 11) is GRANTED IN PART;

(4) Pursuant to 42 U.S.C. § 405(g), the decision of the ALJ is REVERSED and the case REMANDED to the Social Security Administration for further administrative proceedings consistent with this memorandum and order;

(5) The Clerk of Court is directed to close this case.