**Janice M. NOE, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 99–36116.

D.C. No. CV–98–03083–JPC.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2001.*

Decided March 7, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Plaintiff Janice Noe appeals from the denial of her application for disability benefits. We affirm the decision of the district court, which in turn affirmed the decisions of the Commissioner and the Administrative Law Judge (ALJ).

First, Plaintiff argues that the ALJ applied an improper legal standard when he found that the opinion of Plaintiff's treating physician, Dr. Saville, was unpersuasive. Because Saville's opinion that Plaintiff was disabled was contradicted by that of another doctor, the ALJ could reject it if he provided "specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (citation and

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

internal quotation marks omitted). The ALJ met his burden in this case. The ALJ pointed to examples in the record where Saville's notes seem to contradict her ultimate conclusion. The ALJ also provided a detailed summary of the conflicting evidence.

 Second, Plaintiff argues that the ALJ applied an improper standard when he discounted the opinion of Plaintiff's mental health counselor, Downs. We are not persuaded. Downs is not a licensed physician or psychologist and, thus, is not an "acceptable medical source." *See* 20 C.F.R. § 404.1513(a); *see also Jamerson v. Chater,* 112 F.3d 1064, 1067 (9th Cir.1997) (refusing to consider a special education teacher without a doctoral degree to be an "acceptable medical source"). Pursuant to 20 C.F.R. § 404.1513(d), Downs is an "other source" and the ALJ can accord her opinion "less weight than opinions from acceptable medical sources." *Gomez v. Chater,* 74 F.3d 967, 970–71 (9th Cir.1996). The ALJ may discount the testimony of an "other source" by providing reasons that are germane to that witness. *See Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993) (holding that an ALJ may not reject the testimony of a lay witness without providing reasons germane to that witness).

In the present case, the ALJ discounted Downs' testimony after providing germane reasons for doing so. The ALJ observed that Downs did not undertake any formal testing or objective evaluations of Plaintiff and observed her only when she was experiencing a crisis. The ALJ noted that Downs completed a Mental Residual Capacity Form, but that it was based on limited information, some of which had not been established medically. The ALJ also pointed to evidence in the record, including Downs' own notes, which contradicted Downs' ultimate opinion that Plaintiff was disabled.

AFFIRMED.