**Lois E. CRAWFORD, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,\* Commissioner of Social Security Administration, Defendant–Appellee.**

**No. 01–5191.**

United States Court of Appeals, Tenth Circuit.

Aug. 13, 2002.

Before SEYMOUR, PORFILIO, and O'BRIEN, Circuit Judges.

### ORDER AND JUDGMENT\*\*

O'BRIEN, Circuit Judge.

After examining the briefs and appellate record, this panel has unanimously determined to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is the latest in a series, all taken by Lois E. Crawford from the denial of her September 1997 applications for social security disability benefits and supplemental security income. She contends that she has been permanently disabled since June 1, 1994, due to a variety of ailments, including severe back and neck pain, shoulder, arm, and hand problems, migraine headaches, and depression. Following the familiar five-step sequential analysis set forth in 20 C.F.R. §§ 404.1520, 416.920, an administrative law judge (ALJ) determined in February 1999 that Mrs. Crawford was not disabled. The ALJ concluded that her impairments precluded her return to past relevant work as a computer operator, but did not prevent her from performing a significant number of other jobs in the national and regional economy that were identified by the vocational expert. Mrs. Crawford appealed that decision to the Appeals Council, which concluded there was no basis for further review on July 14, 2000, making the ALJ's decision final for the Commissioner. *See id.* § 404.981. Mrs. Crawford sought judicial review of that decision under 42 U.S.C. § 405(g) and the parties agreed to submit the matter to a magistrate judge, whose October 13, 2000 decision upheld the denial of benefits.

We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1292. Our review is limited to determining whether the ALJ applied the correct legal standards and whether his findings are supported by substantial evidence in the record viewed as a whole. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir.1994). "In conducting our review, we may neither reweigh the evi-

---

\* On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the appellee in this action.

dence nor substitute our judgment for that of the Commissioner." *Qualls v. Apfel,* 206 F.3d 1368, 1371 (10th Cir.2000).

Mrs. Crawford raises four broad challenges to the Commissioner's decision: 1) the ALJ failed to consider all her impairments, both individually and in combination; 2) the ALJ failed to make a proper credibility assessment; 3) the ALJ failed to develop the record; and 4) the ALJ failed to propound a proper hypothetical question to the vocational expert at the hearing. Mrs. Crawford repeats myriad arguments made in the district court to support her four broad challenges. The magistrate judge carefully analyzed each argument under the appropriate legal standard and rejected it.

We have carefully reviewed the parties' briefs, the entire administrative record, and the magistrate judge's disposition. Like the magistrate judge, we conclude that the ALJ's findings were supported by substantial evidence and that he applied the correct legal standards in denying Mrs. Crawford's applications for benefits. We therefore uphold the Commissioner's denial of social security benefits for substantially the same reasons stated by the magistrate judge in his thorough and well-reasoned decision.

The judgment of the district court is AFFIRMED.

---

\* This order and judgment is not binding prece-    dent, except under the doctrines of law of the