**Kevin KOSCHNITZKE, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant.**

**No. 02–C–479.**

United States District Court, E.D. Wisconsin.

Nov. 21, 2003.

David Dreis, for Plaintiff.

Nora Barry, for Defendant.

*DECISION AND ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES*

ADELMAN, District Judge.

## I. BACKGROUND

Plaintiff Kevin Koschnitzke brought this action pursuant to 42 U.S.C. § 405(g) challenging the decision of defendant Jo Anne Barnhart, Commissioner of the Social Security Administration, denying his application for disability benefits under the Social Security Act. The matter was assigned to Magistrate Judge William E. Callahan, Jr., who recommended that the Commissioner's decision be reversed. Neither party objected to the recommendation, which I adopted on September 26, 2003. Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## II. EAJA STANDARD

The EAJA mandates an award of attorney's fees to a "prevailing party" in a civil action against the United States where the government's position was not "substantially justified," no "special circumstances" make an award unjust, and the fee application is submitted to the court within 30 days of final judgment. 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Const. Co.,* 200 F.3d 1076, 1078–79 (7th Cir.2000). Because I reversed and re-manded the Commissioner's decision under sentence four of § 405(g), plaintiff was the "prevailing party" in this litigation. *See Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Raines v. Shalala,* 44 F.3d 1355, 1362 (7th Cir.1995).

## III. PROPRIETY OF CONSIDERING FEE APPLICATION

■ The Commissioner states that the application for an award of attorney's fees, which was filed on October 22, 2003, was premature because her time for appealing had not yet expired. *See Schaefer,* 509 U.S. at 302, 113 S.Ct. 2625 (stating that EAJA application may be filed 30 days after judgment becomes "not appealable," which is 60 days after entry of judgment). However, the Commissioner does not object to consideration of the application at this time. I would also note that by failing to object to Judge Callahan's recommendation the Commissioner waived her right to appeal. *See Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986) (adopting circuit "rule that failure to file objections with the district judge waives the right to appeal all issues, both factual and legal"). Therefore, there is no reason not to consider the application at this time.

## IV. DISCUSSION

The Commissioner argues that the fee application should be denied because her position was "substantially justified." She also contends that the amount requested is excessive. I address each argument in turn.

### A. Substantial Justification

■ While the fact that the Commissioner lost in court creates no presumption in favor of awarding fees, *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994), the Commissioner bears the burden of showing that the government's position was "substantially justified." *Cummings v.*

*Sullivan,* 950 F.2d 492, 495 (7th Cir.1991). This requires the Commissioner to show that her position had a reasonable basis both in law and fact. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The position must be " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. 2541. The position need not be " 'justified to a high degree,' " *id.* at 565, 108 S.Ct. 2541, but it must be "more than merely undeserving of sanctions for frivolousness," *id.* at 566, 108 S.Ct. 2541.

■ Although the court makes only one determination on this issue, it must consider both the government's posture during the litigation before the court and the prelitigation decision or action on which the lawsuit was based. *See Cummings,* 950 F.2d at 496–97; *see also Commissioner, INS v. Jean,* 496 U.S. 154, 159, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> Thus, fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

*Marcus,* 17 F.3d at 1036.

In the present case, Judge Callahan recommended reversal on three bases. I address each under the substantial justification standard.

### 1. Invalid Waiver of Counsel and Development of the Record

■ Plaintiff was represented at the hearing before the ALJ by a non-attorney.

But social security claimants have a statutory right to be represented by a lawyer at disability hearings. *Thompson v. Sullivan,* 933 F.2d 581, 584 (7th Cir.1991). The claimant may waive that right if the ALJ first explains (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to twenty-five percent of past due benefits and required court approval of the fees. *Binion v. Shalala,* 13 F.3d 243, 245 (7th Cir.1994). As Judge Callahan correctly noted, the ALJ cannot presume a waiver of the right to counsel simply because the claimant appears with a non-attorney representative. (Recommendation at 14, citing *Meroki v. Halter,* No. 00–C–2696, 2001 WL 668951, at *6 (N.D.Ill. June 14, 2001); *Oyen v. Shalala,* 865 F.Supp. 497, 508 (N.D.Ill.1994).) The ALJ must still follow *Binion.* And as Judge Callahan also correctly found, the ALJ failed to do so here.[1]

■ An invalid waiver alone does not require reversal; rather, it shifts the burden to the Commissioner to establish that record was "fully and fairly developed" in the absence of counsel. *Binion,* 13 F.3d at 245. For several reasons, Judge Callahan concluded that, in the present case, the Commissioner had not met her burden. (Recommendation at 15–16.) The ALJ's failure to fully and fairly develop the record was revealed primarily in his credibility determination. The ALJ concluded that plaintiff's testimony regarding pain, and specifically his ability to sit, was incredible because plaintiff sat for 30 to 45 minutes at the hearing without showing discomfort. (Tr. at 20.) However, even if

---

1. Unfortunately, this omission occurs too frequently in social security cases in this district. *See, e.g., Harris v. Barnhart,* 259 F.Supp.2d 775, 779 (E.D.Wis.2003) (collecting cases). It appears that ALJs routinely fail to properly advise claimants of their right to counsel, in either written materials or orally at hearings.

the use of the so-called "sit and squirm" test is a proper means of judging a claimant's credibility, *see, e.g., Powers v. Apfel,* 207 F.3d 431, 436 (7th Cir.2000) ("Many courts have condemned the 'sit and squirm' test, and we are uncomfortable with it as well."), the record does not support the ALJ's contention that plaintiff was observed sitting comfortably for 30 to 45 minutes. Although the record was unclear as to how long the hearing actually lasted (most likely about 20 minutes),[2] there was no evidence that it lasted for 45 minutes.[3]

Judge Callahan also concluded that the ALJ failed to comply with SSR 96–7p, which lists the factors ALJs should consider in evaluating credibility.[4] The ALJ evaluated only some of the relevant factors and, with respect to the factors he did discuss, failed to build a bridge from the evidence to his conclusions. (Recommendation at 15, 28–33.) Where, as here, a primary component of the claimant's case is pain, the Seventh Circuit has made clear that the ALJ must conduct a thorough analysis:

2. The transcript indicated that the hearing commenced at 2:30 p.m. and ended at 1:50 p.m. (Tr. at 25, 47.) The hearing notice confirmed that the hearing was to start at 2:30 p.m. (Tr. at 86.) Plaintiff surmised—probably correctly—that the reference to 1:50 was a typographical error, and that the hearing actually ended at 2:50 p.m. However, Judge Callahan concluded that the record did not permit definitive resolution of the issue and thus recommended that the matter be remanded.

3. Plaintiff testified that he drove 45 minutes to the hearing, but that he broke the drive up by stopping for lunch. (Tr. at 28–29.) Thus, there was no evidence that plaintiff sat in the car for 45 minutes without interruption either.

4. The factors are: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate

If the allegation of pain is not supported by the objective medical evidence in the file and the claimant indicates that pain is a significant factor of his or her alleged inability to work, then the ALJ must obtain detailed descriptions of claimant's daily activities by directing specific inquiries about the pain and its effects to the claimant. She must investigate all avenues presented that relate to pain, including claimant's prior work record, information and observations by treating physicians, examining physicians, and third parties. Factors that must be considered include the nature and intensity of claimant's pain, precipitation and aggravating factors, dosage and effectiveness of any pain medications, other treatment for relief of pain, functional restrictions, and the claimant's daily activities.

*Luna v. Shalala,* 22 F.3d 687, 691 (7th Cir.1994) (citations omitted).

At the hearing, the ALJ failed to explore factors that precipitated or aggravated plaintiff's symptoms;[5] whether plaintiff

and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

5. Even when there was testimony that provided obvious opportunities to explore this factor (e.g., when plaintiff testified that he took a lunch break to break up the 45 minute drive to the hearing [Tr. at 28–29], or when he testified that he drove only short distances [Tr. at 34–35], thereby implying that driving aggravated his symptoms), the ALJ failed to do so.

used treatment other than medication to relieve pain;[6] what measures, other than treatment, plaintiff used to relieve pain;[7] or other factors concerning pain. The ALJ's questioning concerning the location and frequency of pain was brief (Tr. at 31–32), as was his exploration of the effects of plaintiff's medication[8] (Tr. at 30). The only area that the ALJ explored in any detail was plaintiff's daily activities. (Tr. at 33–35, 37–38.) In sum, the record was inadequately developed in the absence of counsel.

Where, as here, the ALJ failed to adequately explore the claimant's allegations of pain, pain was a primary component of the claim, and the claimant was unrepresented by counsel, the Commissioner's position cannot be considered substantially justified. *See Henderson v. Barnhart,* 257 F.Supp.2d 1163, 1167 (E.D.Wis.2002). As the court explained in granting fees under the EAJA in *Nash v. Shalala,* No. 93–C–5997, 1995 WL 548733, at *1, 1995 U.S. Dist. LEXIS 13350, at *2–3 (N.D.Ill. Sept. 13, 1995):

> The Court's March 2, 1995, Opinion pointed out that the plaintiff's waiver of counsel was inadequate because the Administrative Law Judge had failed to properly develop the record. Given the cursory nature of the hearing and the lack of development of the factual record in this case, this Court cannot conclude

that the Secretary has met her burden of showing that there was a reasonable factual basis to support the government's position. The bottom line is that the Secretary could not properly rely upon the facts contained in this poorly developed record. *See Butts v. Bowen,* 775 F.Supp. 1167, 1172 (N.D.Ill.1991). *See also Sampson v. Chater,* 103 F.3d 918, 922 (9th Cir.1996) (finding that the government's position was not substantially justified where the ALJ failed to fully and fairly develop the record); *Harris,* 259 F.Supp.2d at 780 (awarding fees where the "hearing was perfunctory, lasting just twenty-three minutes, and the ALJ made no meaningful inquiry into several key areas"); *San Filippo v. Sec'y of Health & Human Servs.,* 564 F.Supp. 173, 175 n. 4 (E.D.N.Y.1983) (concluding that the "defendant's attempt to sustain that decision was also not substantially justified, because the ALJ neglected his duty to assist the pro se plaintiff and adequately develop the record"). Thus, I conclude that the Commissioner's position on the issue of waiver of counsel and development of the record was not substantially justified.[9]

## 2. Evaluation of Opinion of Physician's Assistant Wilson

Judge Callahan also concluded that the ALJ failed to properly evaluate the opinion of physician's assistant (PA) Janice Wilson,

---

**6.** The ALJ asked what relieved plaintiff's pain, and plaintiff replied that Vicodin helped. (Tr. at 32.) But the ALJ asked no follow up questions as to any other treatment that relieved pain, even when plaintiff mentioned that he was starting a new physical therapy program. (Tr. at 34.)

**7.** In response to a question about daily activities, plaintiff mentioned that he laid down during the day. Lying down is listed in SSR 96–7p as a "measure other than treatment." (Tr. at 37.) The ALJ, however, made no effort to explore this factor and, again, asked no follow up questions.

**8.** The ALJ also asked plaintiff about only a few of the numerous pills plaintiff was taking at the time of the hearing.

**9.** The Commissioner notes that plaintiff did not raise this issue in his briefs. However, the court may recognize errors not raised by the parties, and the ALJ always has a duty to ensure a valid waiver and development of the record. *See Henderson,* 257 F.Supp.2d at 1169 (awarding fees where ALJ committed fundamental error not raised by parties).

who treated plaintiff. (Recommendation at 20–24.) Judge Callahan found that the ALJ was not required to afford PA Wilson's opinion "controlling weight" because she was not a doctor or other "acceptable medical source." *See* 20 C.F.R. § 404.1513(a). However, he concluded that the ALJ had failed to provide "good reasons" for rejecting her opinion as a "treating source." *See* SSR 96–2p.

■■■■■ As the Commissioner notes, a "treating source" must be a "physician, psychologist, or other acceptable medical source." 20 C.F.R. 404.1502. A physician's assistant is not an "acceptable medical source." 20 C.F.R. § 404.1513(a). Rather, a physician's assistant is listed as an "other source." 20 C.F.R. § 404.1513(d). The Commissioner "may" use evidence from "other sources" to show the severity of the claimant's impairments and how they affect his ability to work, *id.*, but she is not required to apply the stringent treating source rule in evaluating such opinions, *see O'Connor v. Chater*, No. 97–6232, 1998 WL 695418, at *1, 1998 U.S.App. LEXIS 24514, at *3–4 (2d Cir. Sept. 25, 1998); *Diaz v. Shalala*, 59 F.3d 307, 314 (2d Cir.1995). Nevertheless, such opinions should not be ignored. *See, e.g., Noe v. Apfel*, 6 Fed.Appx. 587 (9th Cir. 2001) ("Pursuant to 20 C.F.R. § 404.1513(d), [a mental health counselor] is an 'other source' and the ALJ can accord her opinion 'less weight than opinions from acceptable medical sources.' *Gomez v. Chater*, 74 F.3d 967, 970–71 (9th Cir. 1996). The ALJ may discount the testimony of an 'other source' by providing reasons that are germane to that witness."); *Lassley v. Apfel*, No. 99–35685, 2000 WL 1768132, at *1, 2000 U.S.App. LEXIS 30244, at *4 (9th Cir. Nov. 29, 2000) (stat-

ing that ALJ may accord opinion of "other source" less weight than that of an acceptable medical source, but should still provide "sufficient reasons" for rejecting it); *Komar v. Apfel*, No. 97–5125, 1998 WL 30267, at *2, 1998 U.S.App. LEXIS 341, at *5–6 (10th Cir. Jan. 9, 1998) (citing *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996)) (stating that other source opinion can be considered, but the opinion is entitled to less weight than that accorded to the opinions of acceptable medical sources); *Rodriguez v. Barnhart*, 249 F.Supp.2d 210, 213 n. 14 (E.D.N.Y.2003) (stating that opinion of other source "may be given 'significant weight' under the appropriate circumstances"); *Carter v. Apfel*, 220 F.Supp.2d 393, 397 (M.D.Pa.2000) (reversing where ALJ failed to discuss records of other medical source); *Ward v. Apfel*, No. 99–1062–BH–L, 2000 U.S. Dist. LEXIS 13706, at *2–3 (S.D.Ala. July 21, 2000) (recommending remand to consider opinion of other source), *adopted by*, 2000 WL 1367978, 2000 U.S. Dist. LEXIS 13718 (S.D.Ala. Aug. 16, 2000); *Falcon v. Apfel*, 88 F.Supp.2d 87, 90 (W.D.N.Y.2000) (stating that although opinion of "other source" is not considered that of a "treating source," whose opinion may be entitled to controlling weight, such opinion must be given at least some consideration).[10] In any event, ALJs must always explain how the evidence leads to their conclusions and how they resolved evidentiary conflicts. *See, e.g., Scott v. Barnhart*, 297 F.3d 589, 596 (7th Cir.2002); *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir.1996).

■■■■■ The inconsistencies in the ALJ's discussion of Wilson's opinion were sufficient to warrant remand for clarification. However, given that Wilson was not an

---

**10.** *But see Crawford v. Massanari*, No. 00–CV–792–M, 2001 WL 1943879, at *2, 2001 U.S. Dist. LEXIS 24526, at *6–7 (N.D.Okl. Aug.24, 2001), *aff'd*, 44 Fed.Appx. 385 (10th Cir.2002)

("The ALJ must not reject opinions from medical sources without giving specific reasons, whereas he may reject the opinions of 'other sources' without explanation.").

acceptable medical source whose opinion was entitled to special weight, I conclude that the Commissioner's position on this issue was substantially justified. The ALJ was not required by law to engage in a detailed discussion of Wilson's findings, and it was reasonable for the Commissioner to argue in this court that the ALJ's discussion was adequate.

### 3. Credibility Evaluation

 Judge Callahan concluded that the ALJ's credibility determination was not supported by substantial evidence and was non-compliant with SSR 96–7p. (Recommendation at 28–33.) While a reviewing court must generally afford great deference to the ALJ's credibility determination, it will reverse where the ALJ provides an inadequate explanation for it. *See Brindisi v. Barnhart,* 315 F.3d 783, 787–88 (7th Cir.2003); *Steele v. Barnhart,* 290 F.3d 936, 941–42 (7th Cir.2002). "Further, the court need not defer to a credibility determination based on a misstatement or misunderstanding of the evidence. Finally, in evaluating a claimant's credibility, the ALJ must abide by the Commissioner's regulations and rulings." *Wates v. Barnhart,* 274 F.Supp.2d 1024, 1038 (E.D.Wis.2003) (citation omitted).

 Specifically, in evaluating credibility, the ALJ must comply with SSR 96–7p. *Brindisi,* 315 F.3d at 787. Under that Ruling, an ALJ's evaluation of a claimant's credibility must contain "specific reasons" and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p.

 Judge Callahan correctly concluded that the ALJ's credibility determination in the present case was fatally flawed. First, the ALJ failed to discuss several of the SSR 96–7p factors, and he failed to link those factors that he did discuss to his findings. *See Wates,* 274 F.Supp.2d at 1039 (stating that ALJ must link plaintiff's testimony concerning functional abilities to his conclusions as to plaintiff's credibility and ability to work).

Second, the evidence the ALJ relied upon to reject plaintiff's testimony was insubstantial. The ALJ made just two observations in support of his finding:

> After reviewing the objective evidence and considering the claimant's testimony, I find that the claimant's subjective complaints are not fully credible and are not supported by the overall evidence of record. The treating records showed that the claimant failed to keep many appointments in physical therapy and did not actively participate in his own therapy. The claimant testified that the drive was "too much"; however, I find that this is an insufficient reason for his lack of participation in physical therapy. Furthermore, although the claimant testified that he could only sit or stand for 10 to 15 minutes at a time, he sat for 30 to 45 minutes during the hearing without any complaint or shifting. This is inconsistent with his reports to his physicians and his testimony.

(Tr. at 19–20.) The ALJ provided no explanation as to why plaintiff's testimony about the length of the drive to his physical therapy appointments was insufficient. He did not comply with SSR 96–7p, which provides in pertinent part:

> The adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment. The adjudicator may need to recontact the individual or

question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner.

See Wates, 274 F.Supp.2d at 1040 n. 9; Dominguese v. Massanari, 172 F.Supp.2d 1087, 1097 (E.D.Wis.2001). As Judge Callahan noted, there was evidence in the record that plaintiff complained to his therapists about the drive. (Tr. at 235, 343.) If the ALJ based his finding on the fact that plaintiff drove 45 minutes to the hearing, this basis was insubstantial because plaintiff testified that he stopped for lunch during the drive to the hearing site. As for the ALJ's observation that plaintiff sat comfortably during the hearing, as discussed above, there was no evidence that the hearing lasted 30 to 45 minutes.

Thus, the Commissioner's position on the issue of plaintiff's credibility was not substantially justified. The ALJ committed an error of law by failing to follow SSR–96–7p, and his observations were not supported by substantial evidence. See, e.g., Embry v. Barnhart, No. 02–C–3821, 2003 WL 22478769, at *1, n. 2, 2003 U.S. Dist. LEXIS 19473, at *3 n. 2 (N.D. Ill. Oct. 31, 2003) (awarding fees where ALJ failed to comply with SSR 96–7p regarding plaintiff's credibility about his pain); Wates v. Barnhart, 288 F.Supp.2d 947, 952–954 (E.D.Wis.2003) (finding Commissioner's position on credibility issue not substantially justified where ALJ failed to properly evaluate subjective complaints under SSR 96–7p); Brindisi v. Barnhart, Case No. 00–C–6495, 2003 WL 21696195, at *1–2, 2003 U.S. Dist. LEXIS 12838, at *4 (N.D.Ill. July 25, 2003) (awarding fees where ALJ failed to comply with SSR 96–7p); Henderson, 257 F.Supp.2d at 1168 (finding Commissioner's position not substantially justified where ALJ failed to comply with SSR 96–7p in conduct of hearing and in decision, and collecting cases

awarding fees where ALJ failed to comply with an SSR); Dominguese v. Barnhart, No. 99–C–596, 2002 WL 32318281, at *2–4, 2002 U.S. Dist. LEXIS 14600, at *5–12 (E.D.Wis. July 12, 2002) (awarding fees where ALJ failed to properly evaluate plaintiff's credibility and decision was not supported by substantial evidence); cf. Rice v. Apfel, 16 F.Supp.2d 971, 974 (N.D.Ill.1998) (awarding fees where ALJ failed to comply with SSR 83–20).

### 4. Conclusion as to Substantial Justification

"Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." Jackson v. Chater, 94 F.3d 274, 279–80 (7th Cir.1996). However, in the present case the Commissioner's position on two of the three issues discussed above lacked substantial justification. These were fundamental errors, therefore, I conclude that the Commissioner's position lacked substantial justification as a whole. See Wates, 288 F.Supp.2d at 954 (awarding fees where Commissioner lacked substantial justification for two of three issues on which case was remanded). Plaintiff is entitled to a fee award under the EAJA.

### B. Reasonableness of Fee Application

Once the court has decided that an award is appropriate, it must determine whether the amount sought is reasonable.

In determining whether plaintiff's requested fees are reasonable I must examine both the rate and the number of hours requested. The EAJA allows for an award of "reasonable attorney fees ... based upon prevailing market rates for the kind and the quality of the services furnished" not to exceed "$125 per hour unless the court determines that an increase in the cost of living or a special

factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff must demonstrate the prevailing market rate and, if one is requested, show that a cost of living increase is warranted. *See Hanrahan v. Shalala,* 831 F.Supp. 1440, 1450 (E.D.Wis.1993). Plaintiff also has the burden to show that the number hours expended on the litigation was reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The reasonableness of the total fee request is evaluated in light of twelve factors set forth in *Hensley:*

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Henderson,* 257 F.Supp.2d at 1169 (quoting *Hensley,* 461 U.S. at 430 n. 3, 103 S.Ct. 1933).

■ In the present case, plaintiff seeks compensation for a total of 38.5 hours, 36.3 hours spent in the primary representation and 2.2 hours spent preparing his EAJA reply brief. In an affidavit, counsel avers that this amount of time was necessary in order to provide good representation. The Commissioner does not argue that the amount of time spent was excessive, and I conclude that the request is in line with other applications granted in this district.

*See Harris,* 259 F.Supp.2d at 782–83 (collecting cases).

■ Plaintiff requests an adjustment in the $125 maximum hourly rate set by the EAJA based upon an increase in the cost of living. He justifies the increase by applying the Bureau of Labor Statistics "all items" Consumer Price Index ("CPI–U"), calculating the increase from 1996, when the maximum rate of $ 125 was set, to August 2003. The CPI–U is an acceptable source for calculating an increase in the cost of living. *E.g., id.* at 782. However, as the Commissioner correctly notes, most of the work in this case was performed in 2002. Thus, use of the 2003 rate for all of the time spent would be improper. As the Seventh Circuit noted in *Marcus,* 17 F.3d at 1040:

> If a cost of living adjustment is applied, it must be calculated with regard to when the services were performed, not on the basis of when the award is made. Thus, fees incurred in a particular year must be indexed using the cost of living multiplier applicable to that year, and so on for each year in which fees were incurred.

In his EAJA reply brief, plaintiff concedes that the adjusted 2003 rate may not be used for all time spent. Counsel spent 32.2 hours on this case in 2002. The adjusted rate for 2002 is $144.43 (179.9/155.7 × 125). Counsel spent 6.3 hours on this case in 2003. The adjusted rate for 2003 is $147.16 (183.3/155.7 × 125). These hourly rates are reasonable. *See Harris,* 259 F.Supp.2d at 782.

## V. CONCLUSION

For the foregoing reasons, plaintiff is entitled to fees in the total amount of $5577.76 (32.2 × 144.43 = 4650.65 + 6.3 × 147.16 = 927.11).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (Docket # 16) is **GRANTED**, and plaintiff's counsel, David Dreis, is awarded fees in the amount of $5577.76.