Eudell L. HARRIS, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. 00–C–0464.

United States District Court,
E.D. Wisconsin.

April 25, 2003.

David Traver, Traver Law Office, Milwaukeee, WI, for Plaintiff.

Penelope Fleming, U.S. Dept. of Justice, Milwaukee, WI, for Defendant.

### DECISION AND ORDER

ADELMAN, District Judge.

## I. PROCEDURAL BACKGROUND

Plaintiff Eudell Harris brought this action pursuant 42 U.S.C. § 405(g) challenging the decision of defendant Jo Anne Barnhart, Commissioner of the Social Security Administration ("defendant" or "the Commissioner"), that he was no longer entitled to benefits under the Social Security Act. Plaintiff originally applied for benefits on July 30, 1986. Following a series of denials and appeals, he was awarded benefits by an Administrative Law Judge ("ALJ") on March 29, 1989.

In 1995, plaintiff's status was re-evaluated by the Administration, it was determined that he was no longer disabled, and his benefits were terminated. Plaintiff appealed, but following a hearing at which plaintiff appeared pro se an ALJ determined that plaintiff's condition had improved, that he was capable of performing light work, and that, because he was no longer disabled, his benefits were properly terminated. The Appeals Council denied plaintiff's request for review.

Plaintiff then commenced this action. The matter was assigned to a magistrate judge for pre-trial proceedings, and on May 18, 2001 she recommended that the Commissioner's decision be affirmed. Plaintiff objected to the recommendation, and on August 23, 2002, I reversed the Commissioner's decision and remanded the matter for further proceedings. *Harris v. Barnhart*, 219 F.Supp.2d 966 (E.D.Wis. 2002). Plaintiff now moves for an award of attorneys fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## II. DISCUSSION

The EAJA mandates an award of attorney's fees to a "prevailing party" in a civil action against the United States where the government's position was not "substantially justified," no special circumstances make an award unjust, and the fee application is submitted to the court within 30 days of final judgment. 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir.2000). Plaintiff was the "prevailing party" in this litigation, the motion was timely filed, and the Commissioner points to no special circumstances making an award unjust. However, the Commissioner argues that her position was substantially justified and that plaintiff's requested fees are excessive. I address each contention in turn.

### A. Was the Commissioner's Position Substantially Justified?

While the fact that the Commissioner did not prevail creates no presumption in favor of awarding fees, *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir.1994); the Commissioner bears the burden of showing that the government's position was "substantially justified." *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir.1996); *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir.1991). The government's position was "substantially justified" when it had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The position must be " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. 2541. The position need not be " 'justified to a high degree,' " *id.* at 565, 108 S.Ct. 2541, but it must be "more than merely undeserving of sanctions for frivolousness." *Id.* at 566, 108 S.Ct. 2541.

Although the court makes only one determination on this question, it must consider both the government's posture during the litigation before it and the prelitigation decision or action on which the lawsuit was based. *See id.* at 496–97; *see also Commissioner, INS v. Jean*, 496 U.S. 154, 159, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> Thus, fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

*Marcus,* 17 F.3d at 1036.

In the present case, I reversed the ALJ's decision for two reasons. First, I

determined that the ALJ had not obtained a valid waiver of plaintiff's right to counsel and that the record had not been fully and fairly developed in the absence of counsel. *Harris*, 219 F.Supp.2d at 973–976 (citing *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir.1994); *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir.1991)). Second, I found that the ALJ had improperly made his own independent medical findings. *Id.* at 977 n. 5 (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996); *Herron v. Shalala*, 19 F.3d 329, 334 n. 10 (7th Cir.1994)). I conclude that in light of these serious errors, the Commissioner's position was not substantially justified.

### 1. Failure to Obtain Valid Waiver and Develop the Record

■ It is well-established that social security claimants have "a statutory right to counsel at disability hearings." *Thompson*, 933 F.2d at 584. It is also well-established that in order to obtain a valid waiver of that right the ALJ must explain (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to twenty-five percent of past due benefits and required court approval of the fees. *Binion*, 13 F.3d at 245. Despite the clear and long-standing directive of the Seventh Circuit on this issue, ALJs continue to accept invalid waivers of counsel. *See, e.g., Henderson v. Barnhart*, 205 F.Supp.2d 999, 1010 (E.D.Wis.2002); *Castrejon v. Apfel*, 131 F.Supp.2d 1053, 1056 (E.D.Wis.2001); *Hodes v. Apfel*, 61 F.Supp.2d 798, 811 (N.D.Ill.1999). In the present case, the ALJ never discussed the right to counsel with plaintiff at all. The magistrate judge found plaintiff's waiver of the right to counsel invalid, a conclusion to which the Commissioner did not object. *Harris*, 219 F.Supp.2d at 973.

■ Nevertheless, an invalid waiver does not require that the decision be reversed; rather, the burden shifts to the Commissioner to show that the ALJ fully and fairly developed the record. *Binion*, 13 F.3d at 245. The ALJ's duty is met only if he or she probes the claimant for possible disabilities and uncovers all of the relevant evidence. *Id.*

■ The Commissioner did not come close to meeting her burden in this case. The hearing was perfunctory, lasting just twenty-three minutes, and the ALJ made no meaningful inquiry into several key areas.

First, the ALJ made no inquiry into plaintiff's alleged mental impairments, despite the fact that this was an important aspect of the claim. *Harris*, 219 F.Supp.2d at 975 (citing *Thompson*, 933 F.2d at 586 (remanding case where ALJ failed to question plaintiff about alleged mental impairments and failed to obtain expert testimony)). Second, the ALJ failed to develop the record regarding plaintiff's daily activities, a crucial area given that plaintiff had alleged disability due in part to severe pain. *Id.* (citing *Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir.1994) (stating that if the claimant indicates that pain is a significant factor in his alleged inability to work, then the ALJ must obtain detailed descriptions of claimant's daily activities by directing specific inquiries about the pain and its effects on the claimant)). Third, the ALJ did not inquire about the effects of plaintiff's pain medication on his ability to work, also a crucial area. *Id.* at 976 (citing *Moore v. Apfel*, No. 98–C–5448, 1999 WL 261927, at * 1–2 (N.D.Ill. Apr. 26, 1999) (remanding case where ALJ failed to fully explore side effects of medication and effects of plaintiff's conditions)). Finally, the ALJ violated 20 C.F.R. § 404.1512(e)(1) by failing to re-contact and obtain clarification of the

opinion of plaintiff's treating physician. Instead, the ALJ simply rejected the opinion, which was entitled to significant weight. *Harris*, 219 F.Supp.2d at 976.

In *Moore v. Apfel*, 63 F.Supp.2d 905 (N.D.Ill.1999), the court granted a fee request on similar facts. In that case, the ALJ failed to obtain a valid waiver of counsel from the pro se plaintiff, failed to contact the plaintiff's treating physician to obtain further information to determine the basis for his conclusion, and failed to explore several of plaintiff's maladies or the effects of her medication. *Id.* at 907. The court stated:

> Even a cursory review of the record demonstrates that the ALJ failed to satisfy his duty to scrupulously and conscientiously probe into, inquire of and explore for all of the relevant facts.
>
> The Commissioner had a number of opportunities to remand this case voluntarily but instead chose to litigate. The Commissioner acknowledged that the ALJ failed to obtain a valid waiver of Plaintiff's right to representation. In addition, the record was woefully inadequate. Despite this, neither the Appeals Council nor the Commissioner's trial attorneys chose to voluntarily remand the case. As a result, Plaintiff's counsel was required to litigate this case through summary judgment in order to accomplish the remand. The Commissioner was not substantially justified in forcing Plaintiff to pursue this lawsuit.

*Id.* (internal citations and quote marks omitted).

Similarly, in *Nash v. Shalala*, No. 93–C–5997, 1995 WL 548733, *1, 1995 U.S. Dist. LEXIS 13350, at * 2–3 (N.D.Ill. Sept. 13, 1995), Judge Castillo granted fees under the EAJA when the ALJ failed to develop the record:

> [T]he Court's March 2, 1995, Opinion pointed out that the plaintiff's waiver of counsel was inadequate because the Ad-

ministrative Law Judge had failed to properly develop the record. Given the cursory nature of the hearing and the lack of development of the factual record in this case, this Court cannot conclude that the Secretary has met her burden of showing that there was a reasonable factual basis to support the government's position. The bottom line is that the Secretary could not properly rely upon the facts contained in this poorly developed record. *See Butts v. Bowen*, 775 F.Supp. 1167, 1172 (N.D.Ill.1991).

*See also Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir.1996) (finding that the government's position was not substantially justified where the ALJ failed to fully and fairly develop the record). Because the ALJ plainly violated his duty to obtain a valid waiver and the record was so poorly developed, the Commissioner's position cannot be considered substantially justified.

### 2. The ALJ "Played Doctor"

█ As an additional reason for reversal and remand, I found that the ALJ had improperly relied on his own unsupported medical opinions about plaintiff's conditions. Specifically, the ALJ concluded that plaintiff had become addicted to prescription drugs, that plaintiff's treating doctor provided treatment inappropriate for plaintiff's condition, and that plaintiff's lack of muscle atrophy was proof that his pain was not as severe as he indicated. But no medical expert presented an opinion as to any of these matters. The Seventh Circuit has stated quite clearly that ALJs must not "succumb to the temptation to play doctor and make their own independent medical findings." *Rohan*, 98 F.3d at 970. That is just what the ALJ did here.

In *Rohan v. Chater*, No. 95–C–0001, 1997 U.S. Dist. LEXIS 20863, at *4–6, (N.D.Ill. Dec. 31, 1997), the district court

granted fees under the EAJA where the ALJ "succumb[ed] to the temptation to play doctor." The court concluded that based on the ALJ's flawed decision the Commissioner could not meet her burden of showing that the government's position was substantially justified. *Id.* at *5–6; *see also Kastman v. Barnhart,* No. 01–C–150, 2002 WL 31163748, *1, 2002 U.S. Dist. LEXIS 18799, at *2–3 (N.D.Ill. Sept. 30, 2002) (awarding fees where ALJ substituted his opinion for that of medical expert). I reach the same result here.

### 3. The Commissioner's Arguments

■ The Commissioner notes that the magistrate judge recommended affirmance of the ALJ's decision, which tends to show that the government's position was substantially justified. The Commissioner acknowledges that I have previously rejected the notion that the decisions of intermediate judges are determinative of this issue. *See Henderson v. Barnhart,* 205 F.Supp.2d 999, 1005–06 (E.D.Wis. 2002); *Dominguese v. Barnhart,* No. 99–C–596, 2002 U.S. Dist. LEXIS 14600, at *12–13 (E.D.Wis.2002). While I may consider the recommendation of the magistrate judge in ruling on a fee application, I must make my own determination on this issue. In light of the factors discussed above, I must conclude that the Commissioner's position was not substantially justified.[1]

The Commissioner next notes that the ALJ's duty to develop the record is not subject to strict rules, and that reasonable people can differ over how much evidence is enough. *See Kendrick v. Shalala,* 998 F.2d 455, 456–57 (7th Cir.1993). True enough, but in this case the ALJ did not come close to developing a complete rec-ord. In *Kendrick,* the court noted that the Administration had held two hearings and obtained, at public expense, reports from five specialists in both physical and mental conditions. The court found that, at some point, enough must be enough and reversed the district court's order of remand for yet another hearing. *Id.* at 458.

Unlike Kendrick, plaintiff has not been given full and fair opportunity to present his claim. His single hearing ended before the one-half hour mark, and the ALJ failed to explore areas the Seventh Circuit has required ALJs to cover. The ALJ also violated the regulations governing treating source opinions. While the standard for how much evidence is enough may evade precise quantification, the ALJ fell far short here.

The Commissioner's position in this case was not substantially justified. Therefore, plaintiff is entitled to reasonable fees and costs.

### B. Are Plaintiff's Requested Fees Excessive?

■ The Commissioner argues that even if its position was not substantially justified the fees plaintiff requests are excessive. In determining whether plaintiff's requested fees are reasonable I must examine both the rate and the number of hours requested. The EAJA allows for an award of "reasonable attorney fees ... based upon prevailing market rates for the kind and the quality of the services furnished" not to exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff must demon-

---

1. It is also worth noting that the magistrate judge made no recommendation on several issues I reached, such as the ALJ's failure to properly consider plaintiff's alleged personality disorder, the ALJ's improper handling of plaintiff's treating source opinion, and the ALJ's independent medical findings. On these issues, the Commissioner finds no support from the magistrate judge.

strate the prevailing market rate and, if one is requested, show that a cost of living increase is warranted. *See Hanrahan v. Shalala,* 831 F.Supp. 1440, 1450 (E.D.Wis. 1993). Plaintiff also has the burden of showing that the number of hours expended on the litigation was reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The reasonableness of the total fee request is evaluated in light of twelve factors set forth in *Hensley,* 461 U.S. at 430 n. 3, 103 S.Ct. 1933:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The court may also consider whether awarding fees would further the purposes of the EAJA's fee-shifting provision. *See Hallmark Const. Co.,* 200 F.3d at 1080. The EAJA was enacted in part to attract private counsel to represent disability claimants. *See Sullivan v. Hudson,* 490 U.S. 877, 883, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). Congress was concerned "that persons may be deterred from seeking review of . . . unreasonable governmental action because of the expense involved in securing the vindication of their rights." *Id.* (internal quote marks omitted). With these standards in mind, I consider plaintiff's requested fee.

### 1. Hourly Rate

Plaintiff seeks an adjustment in the hourly rate set by the EAJA based upon an increase in the cost of living. He requests that counsel's hourly rate be set at $138.03 per hour for work performed in 2000, $141.65 per hour for work performed in 2001, and $143.62 per hour for work performed in 2002. He justifies the increase by applying the Bureau of Labor Statistics "all items" Consumer Price Index ("CPI–U"), calculating the increase from 1996, when the base rate of $125 was set, to 2000, when he was retained on this case, and for the years 2001 and 2002 when he continued work on the case. Use of the CPI–U has been accepted in this district, *see Dominguese,* 2002 U.S. Dist. LEXIS 14600, at *16; plaintiff's calculations appear to be correct, and defendant has not objected to the proposed rates. Therefore, I will accept plaintiff's proposed hourly rates.

### 2. Number of Hours Spent

Plaintiff seeks fees for a total of 54.3 hours. The Commissioner says this is excessive. She first notes that counsel spent a total of 4 hours on the phone with plaintiff discussing the status of the case. Counsel also sent letters discussing the status of the case, which took 0.7 hours to prepare. This, she contends, fails to reflect proper billing judgment.

I disagree. A lawyer is required to keep his client reasonably informed about the status of the matter and to promptly comply with reasonable requests for information. S.C.R. 20:1.4. It appears that most of the phone calls at issue were placed by plaintiff, and, as counsel notes and the record confirms, plaintiff was a difficult and demanding client. I decline to reduce counsel's fees for time spent discussing this matter with plaintiff. Neither did counsel spend an unreasonable amount of time corresponding with plain-

tiff by letter. Less than one hour over three years is hardly excessive.

The Commissioner next argues that counsel spent more than forty hours briefing, which is excessive given the simplicity of his main argument. I do not find the amount of time counsel spent preparing briefs and objections excessive. I disagree with the Commissioner's suggestion that this was a simple case. While the primary argument—that the waiver of counsel was invalid and the record was not fully and fairly developed—was based on well-settled law, counsel was required to engage in an extensive analysis of the record in order to highlights its deficiencies. Counsel did not represent plaintiff at the administrative level, so he was required to review and spot issues in an unfamiliar record. Counsel's briefs were thorough and helpful to the court. He is an effective advocate, experienced in social security matters. He obtained a favorable result for his client.

Counsel's request is in line with applications I have approved in the past, as well as with those approved by other district judges in this circuit. *Henderson,* 205 F.Supp.2d 999, slip. op. at 14 (approving fees based on 54.2 hours of work at the rate of $141.46/hour, for a total of $7667.13); *Dominguese,* 2002 U.S. Dist. LEXIS 14600, at *18 (noting that motions seeking payment for 66.95, 53.5, and 56.2 hours had recently been approved by other courts, and approving 56.3 hours in that case). Thus, the request is consistent with awards in similar cases.

The Commissioner raises one objection that is well-taken. Counsel spent 0.7 hour preparing a notice of supplemental authority advising the court of *Zurawski v. Halter,* 245 F.3d 881 (7th Cir.2001). *Zurawski* came down on April 6, 2001, about two months before plaintiff filed his objections to the magistrate's recommendation. Plaintiff filed a reply to the Commissioner's response to his objections on June 25,

2001, but did not file his notice of *Zurawski* until October 26, 2001. Confronted with the Commissioner's objection to this expenditure of time, plaintiff does not attempt to justify it or explain why *Zurawski* was omitted from his objections and reply submission. While plaintiff was not wrong to bring this case to my attention, I agree with the Commissioner that the government should not bear the expense of counsel's oversight.. Therefore, I will subtract 0.70 hours from the 2001 time.

I will award fees as follows: [33.50 hours at $138.03 per hour = $4624.01 for work performed in year 2000] + [13.6 hours at $141.65 per hour = $1926.44 for work performed in year 2001] + [6.5 hours at $143.62 per hour = $933.53 for work performed in year 2002] for a total of $7483.98.

### III. CONCLUSION

THEREFORE, IT IS ORDERED THAT plaintiff's motion for an award of attorney's fees (Docket # 23) is **GRANTED**, and plaintiff is awarded fees in the amount of $7483.98.