Patricia J. WATES, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. 02–C–0324.

United States District Court,
E.D. Wisconsin.

Oct. 17, 2003.

Lynn B Eskin, for Plaintiff.

Lennie Lehman, for Defendant.

*DECISION AND ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES*

ADELMAN, District Judge.

## I.  BACKGROUND

Plaintiff Patricia Wates brought this action pursuant to 42 U.S.C. § 405(g) challenging the decision of defendant Jo Anne Barnhart, Commissioner of the Social Security Administration, denying her application for disability benefits under the Social Security Act. Plaintiff applied for benefits on September 3, 1999, claiming that she was unable to work due to depression, anxiety, stomach pain and reflux disease. Her application was denied initially and on reconsideration.  She sought and obtained a hearing before an Administrative Law Judge (ALJ), but in a decision dated September 28, 2001, the ALJ also denied her claim.  Following rejection of her request for review by the Appeals Council, plaintiff commenced the instant action.

The matter was assigned to a magistrate judge, who recommended that the Commissioner's decision be affirmed.  Plaintiff objected to the recommendation, and on June 30, 2003, I reversed the Commissioner's decision and remanded the matter for further proceedings.  *Wates v. Barnhart,* 274 F.Supp.2d 1024 (E.D.Wis.2003). Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## II.  EAJA STANDARD

The EAJA mandates an award of attorney's fees to a "prevailing party" in a civil action against the United States where the government's position was not "substantially justified," no "special circumstances" make an award unjust, and the fee application is submitted to the court within 30 days of final judgment.  28 U.S.C. § 2412(d)(1); *United States v. Hallmark Const. Co.,* 200 F.3d 1076, 1078–79 (7th Cir.2000).  Because I reversed and remanded the Commissioner's decision under sentence four of § 405(g), plaintiff was the "prevailing party" in this litigation. *See Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Raines v. Shalala,* 44 F.3d 1355, 1362 (7th Cir.1995).  Her application was timely filed, and the Commissioner points to no "special circumstances" that would make an award of fees unjust.  However, the Commissioner opposes plaintiff's fee request on the grounds that the government's position was "substantially justified."

■ While the fact that the Commissioner did not prevail creates no presumption in favor of awarding fees, *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir.1994); the Commissioner bears the burden of showing that the government's position was "substantially justified." *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). This requires the Commissioner to show that her position had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. 2541. The position need not be "'justified to a high degree,'" *id.* at 565, 108 S.Ct. 2541, but it must be "more than merely undeserving of sanctions for frivolousness," *id.* at 566, 108 S.Ct. 2541.

■ Although the court makes only one determination on this question, it must consider both the government's posture during the litigation before the court and the pre-litigation decision or action on which the lawsuit was based. *See Cummings*, 950 F.2d at 496–97; *see also Commissioner, INS v. Jean*, 496 U.S. 154, 159, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> Thus, fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

*Marcus*, 17 F.3d at 1036.

## III. DISCUSSION

### A. Significance of Magistrate Judge's Recommendation

The Commissioner first argues that her position was substantially justified because the magistrate judge recommended that the ALJ's decision be affirmed. While the decisions of intermediate judges may be relevant under the EAJA, they are not determinative. I must make my own determination on this issue. *Harris v. Barnhart*, 259 F.Supp.2d 775, 781 (E.D.Wis. 2003); *Henderson v. Barnhart*, 257 F.Supp.2d 1163, 1168–69 (E.D.Wis.2002).

### B. Commissioner's Arguments Regarding Errors in ALJ's Decision

■ The Commissioner next argues that her position was substantially justified despite the fact that I found three errors in the ALJ's decision warranting reversal. I address each error in turn.

#### 1. Evaluation of Treating Source Opinions

First, I concluded that the ALJ had erred in her evaluation of the opinions of plaintiff's treating physicians, Drs. McCreary and Baker. In her brief opposing fees, the Commissioner states: "While the Court notes that the ALJ did not err in declining to adopt the opinions of Drs. Baker and McCreary, the Court concludes that the ALJ erred by 'failing to explain why she made findings at odds with the treating source opinions.'" (Def. Resp. Brf. at 4, quoting Order at 20.) The Commissioner then claims that the Court "suggest[ed] that the ALJ was required to discuss each factor from a treating physician's opinion and explain why she did not include it in her RFC." (Def. Resp. Brf. at 4.) This, the Commissioner contends, is not required.

The Commissioner misreads my decision. I did not reverse because the ALJ failed to discuss every piece of evidence in the record, or even every aspect of the doctors' opinions. Rather, I reversed because the ALJ committed an error of law by failing to properly evaluate the treating sources' opinions, as required by the Commissioner's own regulations.

■ Treating source opinions must be given special consideration in social security cases. *Dominguese v. Massanari,* 172 F.Supp.2d 1087, 1100 (E.D.Wis.2001). If well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence, the ALJ must afford such opinions controlling weight. *Id.* (citing SSR 96–8p). Even if the ALJ finds that the opinion should not be afforded controlling weight, it may nevertheless be entitled to the greatest weight under SSR 96–2p. Regardless of the weight the ALJ ultimately gives the treating source opinion, she must always "give good reasons" for her decision, 20 C.F.R. § 404.1527(d)(2).

In this case, the ALJ stated: "Dr. McCreary's and Dr. Baker's opinions with regard to the claimant's residual functional capacity are generally consistent with the record as a whole and supports [sic] the undersigned's finding of residual functional capacity as stated above." (Tr. at 16.) She further stated that in making her findings she had "given significant weight to the medical source statements of the claimant's treating physicians, Dr. McCreary and Dr. Baker." (Tr. at 16.)

However, it was obvious that she did not do so. Drs. Baker and McCreary imposed restrictions far more severe than those adopted by the ALJ. Therefore, I held: "Because the ALJ failed to explain how her findings could be squared with the contrary opinions of plaintiff's treating doctors, which she claimed to afford 'significant weight,' she did not 'give good reasons' for her decision. 20 C.F.R. § 404.1527(d)(2).... Far from providing 'good reasons,' the ALJ seemed not to even notice the conflict, claiming that she gave these opinions significant weight when, in light of her findings, that was not possible." (Order at 20–21.)

The Commissioner argues that the ALJ's discussion of Drs. McCreary's and Baker's medical records shows that the ALJ did not ignore their opinions. But I did not reverse the ALJ's decision because she failed to discuss these opinions; I reversed because her discussion made no sense. The ALJ did more than make "a confusing remark" in her decision, as the Commissioner contends. (Def. Resp. Brf. at 5.) She either fundamentally misconstrued the treating source opinions or simply disregarded their contents. In either case, she committed a clear error.

The Commissioner contends that despite this mistake the remainder of the ALJ's decision was reviewable. She argues that "it was clear that Dr. Baker's and Dr. McCreary's opinions were not consistent with the record as a whole," and "that there was no reason to remand on this issue when there was no reason to believe it would lead to a different result." (Def. Resp. Brf. at 5.) This was far from clear. In any event, in reviewing an ALJ's decision, I am confined to the reasons *she* provided; I cannot supply my own reasons or rely on the Commissioner's post hoc rationalizations. *See Castrejon v. Apfel,* 131 F.Supp.2d 1053, 1057 (E.D.Wis.2001). The ALJ said that these opinions *were* consistent with the record as a whole and were entitled to significant weight. Thus, there was every reason to believe that the ALJ could come to a different conclusion on remand. If accepted, the treating source opinions in this case would lead to the conclusion that plaintiff was disabled.[1]

---

**1.** While a court reviewing an EAJA motion may consider the "entire record," *see Uphill v. Barnhart,* 271 F.Supp.2d 1086, 1094 n. 7 (E.D.Wis.2003), which may include evidence unmentioned by the ALJ, a court should not deny a fee petition based on the Commissioner's re-write of the ALJ's decision. The present case is not one where the ALJ's decision was supported by evidence—later identified

The Commissioner next claims that "three other doctors of record made findings consistent with the ALJ's RFC, and the ALJ cited those opinions." (*Id.* at 6, citing Tr. at 13, 16.) Thus, she contends, it was reasonable to defend the ALJ's decision despite the "confusing" language concerning the treating source opinions.

█ The Commissioner is ostensibly referring to Dr. Nichols, who saw plaintiff at the request of the Administration, and Drs. Warrior and Matkom, who did paper reviews for the Administration. The ALJ did not mention Drs. Warrior and Matkom by name, but presumably they were the "State agency physicians" to whom the ALJ referred in ¶ 2 on page six of her decision. (Tr. at 16.) Neither examined plaintiff. As the Seventh Circuit recently noted: "An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir.2003). Moreover, Drs. Matkom and Warrior disagreed with each other: Matkom said that plaintiff had no severe impairment, while Warrior seemed to accept that the impairment was severe but concluded that it did not significantly limit plaintiff's ability to function. Dr. Nichols opined that plaintiff suffered from generalized anxiety disorder, panic disorder, and depressive disorder, and had a Global Assessment of Functioning (GAF) of 50. According to the *Diagnostic and Statistical Manual of Mental Disorders—Fourth Edition* (DSM–IV), such a score reflects a serious impairment in occupational functioning. Finally, Dr. Egan, who examined plaintiff for a private insurer, "concluded that [plaintiff] was currently totally disabled for any occupation from a mental standpoint." (Tr. at 13.) Thus, it is far from clear that the non-treating physicians' opinions would provide substantial evidence in support of the Commissioner's position. In any event, in making a fee determination under the EAJA, I analyze both the reasonableness of the ALJ's decision and of the Commissioner's litigation position. For the reasons stated above and in my June 30 order, the ALJ's decision on this issue failed to satisfy the EAJA standard.[2]

Finally, the Commissioner contends that the ALJ's finding that plaintiff's impairment did not meet or equal any of the Listings was reasonable because it was supported by the opinions of the two agency physicians. However, the contradictory opinion of a non-examining physician is not, by itself, sufficient to justify rejection of a treating source opinion. *Gudgel,* 345 F.3d at 470. In any event, it was not reasonable for the ALJ to adopt the contrary opinions of the agency physicians if,

---

by the Commissioner—that the ALJ simply failed to cite. Rather, the ALJ's decision was flawed because she stated that the treating source opinions were "consistent" with the record, yet adopted contrary findings. The Commissioner cannot undo this contradiction by arguing that those opinions were not, in fact, "consistent" with the record. Further, under SSR 96–8p, the ALJ must give controlling weight to the treating source's opinion if it is "not *in* consistent" with other substantial evidence; the opinion need not be "consistent" with the record, as the Commissioner states. *Dominguese,* 172 F.Supp.2d at 1100.

2. I must also clarify one point. I held that the ALJ did not err by refusing to adopt Drs. McCreary's and Baker's ultimate conclusions that plaintiff was disabled. The ultimate issue of whether an individual is disabled is reserved to the Commissioner. *See* SSR 96–2p. But I expressed *no* opinion on *whether* the ALJ could decline to adopt the findings underlying the doctors' conclusions. Thus, the Commissioner's statement in her brief that "the Court note[d] that the ALJ did not err in declining to adopt the opinions of Drs. Baker and McCreary" is misleading.

as the ALJ stated, the treating physician opinions were "consistent" with the record.

Based on the ALJ's serious errors in evaluating the treating sources' opinions, I cannot conclude that the Commissioner's position on this issue was substantially justified. As the court stated in *Brunel v. Commissioner, Social Security Administration*, No. 00–1142, 2000 WL 1815946, **1–2, 2000 U.S.App. LEXIS 33995, at * 4–6 (1st Cir. Dec. 11, 2000), a case in which the ALJ also failed to apprehend the conflict between his RFC findings and the treating source's opinion:

> The ALJ's error was particularly egregious because he cited the claimant's treating doctor's RFC evaluation in support of his own RFC findings, while ignoring, without any explanation, that part of the doctor's evaluation which indicated that claimant's capacity for sedentary work was significantly compromised. The ALJ thus plainly violated the Commissioner's own regulations and rulings. *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion."); SSR 96–2p ("The notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."). We cannot deem such disregard for the Commissioner's own guidelines substantially justified. *See, e.g., Sampson v. Chater*, 103 F.3d 918, 922, 52 M.S.P.R. 417 (9th Cir.1996) (suggesting that it is an abuse of discretion to find an agency's position substantially justified when the agency violates its own regulations); *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir.1995) (holding

ALJ's failure to consider a VE's report regarding a claimant's mathematical abilities without any explanation unreasonable enough to justify an award of attorneys' fees); *Cornella v. Schweiker*, 728 F.2d 978, 985 (8th Cir.1984) ("It was not reasonable for the Secretary to ignore her own regulations.").

*See also Dominguese v. Barnhart*, No. 99–C–596, 2002 U.S. Dist. LEXIS 14600, at *9–10 (E.D.Wis. July 12, 2002) (awarding fees where ALJ failed to properly evaluate treating source opinion); *Henriquez v. Chater*, No. 94–Civ.–7699, 1997 WL 45351, **3–4, 1997 U.S. Dist. LEXIS 1024, at *7–8 (S.D.N.Y. Feb. 5, 1997) (stating that courts commonly allow EAJA fees where ALJ fails to comply with treating physician rule, and collecting cases).

## 2. Evaluation of Plaintiff's Testimony

Second, I concluded that the ALJ erred in her evaluation of plaintiff's credibility. The Commissioner, while not appearing to concede any error at all, claims this was merely "a matter of articulation." (Def. Resp. Brf. at 6.) The Commissioner relies on *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir.1992), where the court held that an ALJ's failure to properly articulate her rationale "in no way necessitates a finding the Secretary's position was not substantially justified."

*Stein* provides little support for the Commissioner here. I first note that "*Stein* does not hold that the ALJ's failure to articulate can *never* support a fee award." *Dominguese*, 2002 U.S. Dist. LEXIS 14600, at *11 (emphasis added). Rather, *Stein* simply stands for the common-sense proposition that the ALJ's failure to discuss certain evidence or fully explain her findings does not *require* an award of fees under the EAJA.

In any event, the ALJ's errors here were far greater than in *Stein*. In *Stein*, the court remanded the case to the agency because the ALJ had failed to articulate that he had considered certain pieces of evidence. *Stein v. Sullivan*, 892 F.2d 43, 46–47 (7th Cir.1989). In the present case, the ALJ evaluated plaintiff's credibility as follows:

The undersigned finds the credibility of the claimant's testimony to be only fair based on her demeanor at the hearing. In determining the limitation to the claimant's functional capacity, the undersigned has carefully considered the entire record, including the claimant's testimony. Based on testimony, the claimant is able to provide for most of her personal needs. While she states that she does not like large groups of people, she is able to go grocery shopping. These activities along with infrequent doctor visits and medical treatment as noted by the record, indicate the claimant's alleged impairments are not of such severity as to preclude work activity. Therefore, due to these inconsistencies, the undersigned cannot find the claimant's allegations that she is incapable of all work activity to be credible and adopts the aforementioned residual functional capacity. (Tr. at 19.)

The flaws in this evaluation extended beyond a failure to articulate. First, there is no requirement in social security law that a person be unable to provide for all of her "personal needs" in order to be disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. Nor does the ability to perform some basic household tasks mean that a person is not disabled. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir.2000); *Dominguese*, 172 F.Supp.2d at 1098–99. Thus, the ALJ's statements to the contrary did not support her conclusion and were contrary to law. Second, the ALJ selectively recited the evidence when she stated that plaintiff could go grocery shop-

ping; the ALJ ignored testimony that plaintiff went shopping during the middle of the week, accompanied by her husband, when few people were in the store. Thus, the ALJ failed to address important contradictory evidence. Third, the ALJ stated that plaintiff's doctor visits were "infrequent," but she failed to cite any medical evidence supporting that conclusion. Thus, the ALJ was "playing doctor," contrary to law. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996).

This combination of errors render *Stein's* "articulation" doctrine inapplicable. *See Hubbard–Davis v. Apfel*, No. 95–C–5556, 1998 WL 417595, *2, 1998 U.S. Dist. LEXIS 11346, at *5–6 (N.D.Ill. July 20, 1998) (finding *Stein* inapplicable where ALJ improperly substituted his judgment for that of psychiatrist, disregarded evidence as to claimant's ability to concentrate, failed to articulate his reasons for rejecting the reporting psychiatrist's opinion, and relied on his own "subjective belief," which "was not enough to constitute substantial evidence"); *see also Banks v. Barnhart*, No. 01–C–382, 2003 WL 22019796, at *3 (N.D.Ill. Aug.26, 2003) (finding *Stein* inapplicable where ALJ failed to properly evaluate claimant's credibility); *Steele v. Barnhart*, No. 99–C–5455, 2002 WL 31478268, at *2 (N.D.Ill. Nov.5, 2002) (finding *Stein* inapplicable where ALJ mischaracterized medical evidence and record did not support ALJ's decision); *Godbey v. Massanari*, No. 99–C–2690, 2001 WL 1035205, **2–3, 2001 U.S. Dist. LEXIS 13929, at *7–8 (N.D.Ill. Sept. 4, 2001) (finding *Stein* inapplicable where ALJ completely failed to address important contradictory evidence). They also render the Commissioner's position on this issue lacking in substantial justification. *See Harris*, 259 F.Supp.2d at 780–81 (citing *Kastman v. Barnhart*, No. 01–C–150, 2002 WL 31163748, **1–2, 2002 U.S. Dist. LEXIS 18799, at *2–3 (N.D.Ill.

Sept.30, 2002); *Rohan v. Chater,* No. 95–C–0001, 1997 WL 803867, **1–2, 1997 U.S. Dist. LEXIS 20863, at *4–6 (N.D.Ill.Dec. 31, 1997)) (awarding fees where ALJ "played doctor"); *Dominguese,* 2002 U.S. Dist. LEXIS 14600, at *5–9 (awarding fees where ALJ discredited plaintiff's testimony based on his own lay opinion that her doctor visits were infrequent and an incomplete discussion of household chores she could perform, and disregarded important contradictory evidence).

### 3. Hypothetical Question to Vocational Expert

Third, I remanded for further testimony from a vocational expert because the hypothetical question posed by the ALJ did not include all of plaintiff's limitations. The Commissioner states, "although the Court references the ALJ's hypothetical question, the Court does not point to any specific deficiencies therein." (Def. Resp. Brf. at 7.) The Commissioner is wrong. I found that the ALJ failed to "factor in any limitations plaintiff may have regarding contact with co-workers or supervisors; nor did she factor in limitations in concentration, persistence and pace." (Order at 30–31.) While my concerns about this problem were not "acute[,] given the other difficulties in the case, [I] mention[ed] the ALJ's incompletely formed hypothetical questions as well." *Steele v. Barnhart,* 290 F.3d 936, 942 (7th Cir.2002).

While this error would perhaps not, by itself, have warranted reversal, because the matter had to be remanded anyway, I added this ground as well. For purposes of the EAJA, the ALJ's decision and the Commissioner's litigation position on this issue were reasonable.

### C. Conclusion on Substantial Justification

"[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater,* 94 F.3d 274, 279–80 (7th Cir.1996). However, in this case the Commissioner's position on two of the three issues discussed above—the most important two—lacked substantial justification. Thus, I conclude that her position as a whole lacked substantial justification. *See Steele,* 2002 WL 31478268, at *2 (awarding fees based on errors other than flawed hypothetical identified by court of appeals); *see also Henriquez,* 1997 WL 45351, *5, 1997 U.S. Dist. LEXIS 1024, at *13 (finding that ALJ's determination lacked reasonable basis in fact and law where he failed to apply the treating physician rule, failed to consider effect of non-exertional limitations and failed to properly evaluate claimant's testimony). Plaintiff is entitled to a fee award.

### D. Reasonableness of Requested Fee

■ The Commissioner objects to neither the number of hours nor the hourly rate requested by plaintiff. Based on my review of the record, I find that the 27 hours counsel spent litigating the matter and the two hours he spent preparing the fee petition were well within the bounds of reasonableness under the factors set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and were in line with other fee requests granted in this district, *see Harris,* 259 F.Supp.2d at 783. Therefore, plaintiff will be awarded fees based on 29 hours of work.

■ The requested rate is also reasonable. Plaintiff seeks an increase in the statutory maximum rate of $125 based on the Consumer Price Index. (However, she seeks an increase only to $130 per hour, less than the increase supported by the CPI.) Use of the CPI has been accepted in this district, and the requested rate is reasonable compared to the rates awarded

in other cases. *See id.* at 782. Therefore, plaintiff will be awarded fees at the rate of $130 per hour.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED THAT** plaintiff's motion for an award of attorney's fees (Docket # 16) is **GRANTED,** and plaintiff's counsel, Ronald B. Eskin, is awarded fees in the amount of $3770.00.