**Audrey E. WIRTH, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant.**

No. 02–C–1249.

United States District Court, E.D. Wisconsin.

July 16, 2004.

David F. Traver, Milwaukee, WI, for Plaintiff.

Nora S. Barry, Milwaukee, WI, for Defendant.

## DECISION AND ORDER ON MOTION FOR AWARD OF ATTORNEY'S FEES

ADELMAN, District Judge.

Plaintiff Audrey Wirth brought this 42 U.S.C. § 405(g) action challenging the decision of defendant Jo Anne Barnhart, Commissioner of the Social Security Administration, denying her application for disability benefits under the Social Security Act. The matter was assigned to a magistrate judge ("magistrate") for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). The magistrate concluded: (1) that plaintiff had not validly waived her right to counsel at the hearing on her application (where she appeared pro se), and that the Administrative Law Judge ("ALJ") had failed to fully and fairly develop the record in the absence of counsel; (2) that the ALJ's credibility determination did not comport with SSR 96–7p and was based on an incomplete record; (3) that the ALJ's residual functional capacity ("RFC") determination was suspect because the record was not fully developed; and (4) that the ALJ's decision to rely on the Grid at step five, as opposed to basing her ruling on the testimony of the Vocational Expert ("VE"), was suspect because of the deficient development of the record. Finally, he concluded that the matter should be remanded to the Commissioner for further proceedings and development of the record. *Wirth v. Barnhart*, 318 F.Supp.2d 726, 730 (E.D.Wis. 2004).

The Commissioner did not object to the recommendation. However, plaintiff objected to the recommended remedy, arguing that a partial judicial award of benefits should be granted. I disagreed and adopted the magistrate's recommendation. *Id.* at *737.

Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner does not dispute that plaintiff is entitled to a fee award but argues that the amount sought is excessive.

## I. EAJA STANDARD

■ The EAJA mandates an award of attorney's fees to a "prevailing party" in a civil action against the United States where the government's position was not "substantially justified," no "special circumstances" make an award unjust, and the fee application is submitted to the court within 30 days of final judgment. 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir.2000). The Commissioner bears the burden of demonstrating that her position was substantially justified or that special circumstances would make an award unjust. *See, e.g., Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir.1991); *Brewer v. Am. Battle Monuments Comm'n*, 814 F.2d 1564, 1569 (Fed.Cir. 1987); *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D.Cal.2000).

■ Because I reversed and remanded the Commissioner's decision under sentence four of § 405(g), plaintiff was the "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Raines v. Shalala*, 44 F.3d 1355, 1362 (7th Cir.1995). The application was timely filed, and the Commissioner does not argue that her position was substantially justified or that special circumstances exist. On my review of the record, I conclude that these concessions are warranted. *See Koschnitzke v. Barnhart*, 293 F.Supp.2d 943, 947–52 (E.D.Wis. 2003) (awarding fees where ALJ failed to obtain valid waiver of counsel, develop the record, and properly evaluate credibility). Thus, plaintiff is entitled to an award under the EAJA.

## II. REASONABLENESS OF FEE REQUEST

Once the court has decided that an award is appropriate, it must determine whether the amount sought is reasonable.

In determining whether plaintiff's requested fees are reasonable I must examine both the rate and the number of hours requested. The EAJA allows for an award of "reasonable attorney fees ... based upon prevailing market rates for the kind and the quality of the services furnished" not to exceed "$ 125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff must demonstrate the prevailing market rate and, if one is requested, show that a cost of living increase is warranted. *See Hanrahan v. Shalala,* 831 F.Supp. 1440, 1450 (E.D.Wis.1993). Plaintiff also has the burden to show that the number hours expended on the litigation was reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437[, 103 S.Ct. 1933, 76 L.Ed.2d 40] (1983). The reasonableness of the total fee request is evaluated in light of twelve factors set forth in *Hensley:* (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Henderson v. Barnhart,* 257 F.Supp.2d 1163, 1169 (E.D.Wis.2002) (quoting *Hensley,* 461 U.S. at 430 n. 3, 103 S.Ct. 1933).

In the present case, plaintiff seeks compensation for a total of 61.1 hours, billed at the rate of $143.90/hour for work performed in 2002, $146.52/hour for work performed in 2003, and $147.97/hour for work performed in 2004, for a total of $8965.57. Counsel provides a billing statement detailing the time he devoted to the case and avers that the hours spent were reasonable and necessary to provide good representation. He requests a cost of living increase in the maximum hourly rate based on the Bureau of Labor Statistics "all items" Consumer Price Index ("CPI–U"), calculating the increase from 1996, when the base rate of $125 was set. Use of the CPI–U has been accepted in this district, *see Harris v. Barnhart,* 259 F.Supp.2d 775, 782 (E.D.Wis.2003), plaintiff's calculations appear to be correct, and the Commissioner does not object to the proposed rates. Therefore, I will accept plaintiff's proposed hourly rates.

■ However, the Commissioner interposes several objections to the amount of time for which plaintiff seeks compensation. First, the Commissioner argues that the overall amount of the request is unreasonable, far in excess of the average EAJA award in this district. I disagree. I keep track of the hours spent by counsel in previous social security cases to enable me to better evaluate incoming fee applications. Plaintiff's request is comparable to others recently approved. *See Samuel v. Barnhart,* 316 F.Supp.2d 768, 783 (E.D.Wis.2004) (awarding fees based on 61.05 hours of attorney and paralegal time, following reduction for duplicative efforts); *Koschnitzke,* 293 F.Supp.2d at 953–54 (approving fees based on 38.5 hours); *Harris,* 259 F.Supp.2d at 783 (approving request based on 53.6 hours and noting previous approvals of requests based on 54.2, 66.95, 53.5, 56.2 and 56.3 hours).

■ Second, the Commissioner contends that because counsel is experienced

in social security litigation and the present case did not involve unusual or complex issues, it was unreasonable for counsel to spend 30 hours on the main brief and 14 hours on the reply brief. I rejected a nearly identical argument in *Harris,* stating:

> I do not find the amount of time counsel spent preparing briefs and objections excessive. I disagree with the Commissioner's suggestion that this was a simple case. While the primary argument—that the waiver of counsel was invalid and the record was not fully and fairly developed—was based on well-settled law, counsel was required to engage in an extensive analysis of the record in order to highlights its deficiencies. Counsel did not represent plaintiff at the administrative level, so he was required to review and spot issues in an unfamiliar record. Counsel's briefs were thorough and helpful to the court. He is an effective advocate, experienced in social security matters. He obtained a favorable result for his client.

*Harris,* 259 F.Supp.2d at 783.

My remarks in *Harris* are equally applicable here. While plaintiff prevailed based primarily on the invalidity of her waiver of the right to counsel and the inadequate development of the record in the absence of counsel, she also made detailed arguments concerning the ALJ's credibility determination and SSR 96–7p, the ALJ's evaluation of her mental impairment, the ALJ's consideration of treating source statements, the ALJ's RFC determination, and the ALJ's use of the Grid at step five. Plaintiff's briefs were detailed and included numerous citations to the administrative record and pertinent legal authorities.

The record was 326 pages long and, because counsel did not represent plaintiff below, he was required to familiarize himself with the case from scratch. *See also Henderson,* 257 F.Supp.2d at 1170 (noting that counsel who did not represent claimant at administrative level will require more time to review case and prepare briefs).

■ Third, the Commissioner notes that counsel spent a significant amount of time revising the main brief after the magistrate denied his request to file an oversized brief.[1] The magistrate questioned whether counsel was taking the time necessary to prepare a succinct brief and noted that counsel often sought permission to exceed the page limitation on briefs in social security cases. The Commissioner contends that plaintiff's brief should have been in compliance with the briefing order in the first place and that the government should not bear the costs of reducing its size.

Several years ago, this district revised its policies concerning briefs in social security cases. Under the new policies, when a case is filed under § 405(g), the clerk immediately establishes a briefing schedule rather than waiting for the parties to file cross-motions for summary judgment. Because social security cases are in the nature of appeals and generally involve undisputed facts, the summary judgment procedure is ill-suited to addressing them.

The new policies also include page limitations on briefs—15 pages for main briefs and 5 pages for reply briefs. However, last year I decided that in social security cases assigned to me I would permit main briefs of 25 pages and reply briefs of 10 pages.[2] I made this decision because so-

---

1. According to his time sheets, counsel spent about nine hours revising the brief.

2. Until recently, social security cases in this district were automatically assigned to a magistrate for a report and recommendation under 28 U.S.C. § 636(b)(1). However, this practice was discontinued, and such cases are now forwarded directly to a district judge for

cial security cases often present complex questions and because I found that lawyers frequently had trouble properly presenting their cases in 15 pages. Such cases are governed by a tangle of regulations and rulings, and the administrative records usually contain hundreds of pages, consisting primarily of medical records and other data that are often difficult to digest. In nonsocial security cases, our district's local rules allow principal briefs on summary judgment motions of up to 30 pages and reply briefs of up to 15 pages, exclusive of the statement of facts. Civil L.R. 7.1(f) (E.D.Wis.). Social security litigants should not be limited to half the space other civil litigants are allowed. I note that since I established the new, longer page limitations all briefs have been compliant.

In the present case, plaintiff sought to file a 20 page main brief. However, the magistrate concluded that by spending the time necessary to edit his brief, counsel could present his case in 15 pages. I do not quarrel with the magistrate's determination—counsel was able to shorten his brief—but I do not believe it appropriate to penalize counsel by deducting from his fee application the hours that he spent editing his brief pursuant to the magistrate's order. As a result of the magistrate's order, counsel had to spend more time, not less. As noted, the total amount of time counsel spent reviewing the record and preparing the main brief—30.7 hours—seems reasonable in light of the number of issues raised and the size of the record. The 13.2 hours counsel spent on the reply brief was also reasonable. *See Dominguese v. Barnhart,* No. 99–C–0596,

2002 WL 32318281, at *5–*6, 2002 U.S. Dist. LEXIS 14600, at *16 (E.D.Wis. July 12, 2002) (finding 43.3 hours spent on briefing reasonable).

■ Finally, the Commissioner contends that it was unreasonable for plaintiff to object to the magistrate's recommendation and seek a partial judicial award of benefits. She notes that plaintiff did not prevail on the sole issue raised in her objections and asks that I deduct the time spent on this "unnecessary and fruitless litigation." Plaintiff responds that she had a good faith basis in law to press for the most favorable outcome and that, had she failed to object, she would have lost the right to appeal.[3]

In *Uphill v. Barnhart,* 271 F.Supp.2d 1086 (E.D.Wis.2003), I set forth a framework for deciding fee petitions in such circumstances. In *Uphill,* after the plaintiff filed his initial brief, the Commissioner conceded error and moved for a remand for further proceedings under sentence four. The plaintiff opposed the motion, arguing for a judicial award of benefits. The magistrate recommended that the Commissioner's motion be granted and the case remanded. The plaintiff partially objected, asking me to enter a judicial award. I declined to do so, remanding the claim for further proceedings. *Id.* at 1089–90.

The plaintiff then moved for a fee award under the EAJA. The Commissioner asked that I deduct the time spent unsuccessfully opposing remand. *Id.* at 1090. After reviewing the case law, I set forth the following framework for reviewing fee requests when the plaintiff opposes the Commis-

---

decision (unless the parties consent to jurisdiction by the magistrate). When cases are assigned to me, my standard order sets forth page limits of 25 and 10 pages. However, because the present case commenced under the old regime the briefing order set limits of 15 and 5 pages.

**3.** *See Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986) ("We now decide to adopt the rule that failure to file objections with the district judge waives the right to appeal all issues, both factual and legal[.]").

sioner's offer or magistrate's recommendation of remand:

1. If the Commissioner moves for remand promptly upon the filing of the action, and the plaintiff unreasonably opposes the motion, the court may deny fees entirely.

2. If the Commissioner moves for remand after the plaintiff has briefed the merits, and the plaintiff agrees to the remand, fees should be awarded for the entire amount of time expended on the litigation.

3. If the Commissioner moves for or the magistrate recommends remand after the plaintiff has briefed the merits, and the plaintiff opposes remand, the court must analyze the basis for the plaintiff's opposition:

   a. If the plaintiff opposed remand in order to obtain a judicial award of benefits, the court must determine whether plaintiff's expectation of such an award was reasonable. If so, full fees should be awarded; if not, fees should be awarded only for the time spent prior to the motion or recommendation for remand.

   b. If the plaintiff opposed remand because she sought additional judicial directives to the ALJ, the court should determine whether the plaintiff's requests were reasonable and, if they were granted, the extent to which the plaintiff obtained any advantages on remand.

*Id.* at 1091–92.

I noted that

the purpose of the EAJA is to eliminate the financial disincentive to challenge unreasonable governmental action and to encourage counsel to take cases involving such challenges.... A rule permitting the recovery of fees for seeking a judicial award of social security bene-

fits where counsel has a reasonable expectation of obtaining such an award serves this purpose.

*Id.* at 1092. I further noted that

social security claimants must commonly wait years before their cases are resolved.... The goal in such cases is to obtain benefits for the claimant, not simply a reversal of the ALJ's decision. If counsel has a reasonable chance of obtaining benefits from the court, without another round of administrative proceedings (and the attendant delay), he or she should be encouraged to pursue that remedy.

*Id.* Finally, I noted that because it is not the role of the court to decide whether a claimant is disabled,

in the majority of cases counsel cannot reasonably expect a court to award benefits.... But in those cases where ... counsel stands a reasonable chance of obtaining an award from the court, the EAJA should not provide a disincentive to seeking such an award. Therefore, in cases where the plaintiff unsuccessfully seeks a judicial award, his EAJA fee petition is properly evaluated under the flexible approach set forth above.

*Id.* at 1092–93.

In the present case, I conclude that it was reasonable for plaintiff to seek a judicial award. The ALJ found that plaintiff was 49 years old (a "younger" individual under SSA regulations), had a GED, and was limited to sedentary work, with no acquired work skills that were transferable to the skilled or semi-skilled activities of other work. Thus, Grid Rule 201.21 directed a finding of "not disabled." *Wirth*, 318 F.Supp.2d at 731 (citing 20 C.F.R. Pt. 404, App. 2, Subpt. P § 202.21). Plaintiff noted that by the time the case reached this court she was 51 years old. Assuming that all of the other findings made by the ALJ remained the same, she now fell un-

der Grid Rule 201.12, which directed a finding of "disabled." *Id.* at 731–32 (citing 20 C.F.R. Pt. 404, App. 2, Subpt. P § 202.12). Therefore, she argued that I should order that she be awarded benefits for the period of time after she turned 50, and remand for further proceedings regarding the period of time prior to her 50th birthday. *Id.*

I concluded that plaintiff's legal argument was "solidly based," and (contrary to the magistrate) that a claimant's age is a fact of which a court may take judicial notice based on the ALJ's finding as to her date of birth; however, given the deficiencies in the record, I concluded that a complete remand was the proper remedy. *Id.* at 732–33. I cited various cases in which courts had entered judicial awards when the plaintiff's entry into a new age bracket rendered her disabled under the Grid. *Id.* at 733–37. However, I concluded that the case before me differed from those cases because the record had not been adequately developed. As noted, I reversed primarily because the ALJ failed to obtain a proper waiver of the right to counsel and to fully and fairly develop the record for the pro se plaintiff. I stated: "It would be incongruous to simultaneously conclude that the ALJ's decision was flawed because she lacked the necessary information to make a reasoned determination, yet rely on portions of that decision to judicially award benefits." *Id.* at 733.

But this did not mean that it was unreasonable for counsel to seek an award of benefits for his client. Reasonableness requires a solid basis for one's position in fact and law. *See Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). As noted, the case law provided a solid legal basis for plaintiff's position. Further, plaintiff reasonably argued that even though the record was insufficiently developed there was no reason to believe that on remand the ALJ

would make a broader RFC determination, placing her in a different exertional category. *Wirth,* 318 F.Supp.2d at 732. Finally, she reasonably argued that if her RFC had, in fact, increased, the Commissioner could apply the medical improvement standards under 20 C.F.R. § 416.994 to terminate her benefits. *Id.* at 732. These were all plausible arguments, presented by an attorney focusing on the ultimate goal—obtaining benefits for his client. *See Uphill,* 271 F.Supp.2d at 1092. Therefore, I find that the time spent objecting to the recommendation was reasonably spent.

▇▇▇ The Commissioner does not contend that the amount of time that counsel spent drafting objections—about four hours—was excessive. Rather, she contends that no objections should have been filed. For the reasons stated, this argument lacks merit. In any event, the time spent was reasonable: plaintiff's objections were well-written and cited pertinent authority, and the hours billed were modest. The Commissioner argues that it was unreasonable for plaintiff to file a reply in support of her objections because the Federal Rules of Civil Procedure do not provide for one. Because the local rules of this district provide for a reply, this argument lacks merit. *See* General L.R. 72.3(b) (E.D.Wis.). The Commissioner also contends that the arguments in the reply were duplicative of those set forth in the objections. This argument is also off base: plaintiff focused on the issues the Commissioner raised (or neglected to raise) in her response. Thus, the entire amount of time spent on the objections will be awarded.

▇▇▇ Finally, I conclude that the 5.8 hours plaintiff spent on the EAJA reply submission was reasonable. Plaintiff filed a detailed eight page brief which thoroughly replied to the issues raised by the Com-

 

missioner in her opposition. The result (a full fee award) was favorable. *See also Samuel,* 316 F.Supp.2d at 783 n. 6 (awarding fees for five hours spent on EAJA reply).

### III.  CONCLUSION

For the foregoing reasons, plaintiff is entitled to fees in the total amount of $8965.49. In 2002, counsel spent 1.8 hours × $143.90/hour [181.20/157.40] = $259.02. In 2003, counsel spent 47 hours × $146.52/hour [184.50/157.40] = $6886.44. In 2004, counsel spent 12.3 hours × $147.97/hour [186.33/157.40] = $1820.03.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (Docket # 26) is **GRANTED**, and plaintiff's counsel, David Traver, is awarded fees in the amount of $8965.49.